266 F.Supp. 586 (1967)
UNITED VAN LINES, INC., North American Van Lines, Inc., Atlas Van Lines, Inc., Bekins Van Lines Co., Lyon Van Lines, Inc., and Aero-Mayflower Transit Company, Plaintiffs,
v.
The UNITED STATES of America and the Interstate Commerce Commission, Defendants, and
King Van Lines, Inc., Burnham Van Service, Inc., and John F. Ivory Storage Co., Inc., Intervening Defendants.
Nos. 66 C 25 to 66 C 27.
United States District Court E. D. Missouri, E. D.
March 20, 1967.
*587 G. M. Rebman and G. F. Gunn, Jr., Rebman, LaTourette & Gunn, St. Louis, Mo., James L. Beattey, Indianapolis, Ind., Martin A. Weissert, Ft. Wayne, Ind., Charles M. Walters, Broadview, Ill., Herbert Burstein, Zelby & Burstein, New York City, N. Y., Warren N. Grossman, Knapp, Gill, Hibbert & Stevens, Los Angeles, Cal., for plaintiffs.
Donald F. Turner, Asst. Atty. Gen., John D. Wigger, Atty., Dept. of Justice, Robert W. Ginnane, Gen. Counsel, Robert S. Burk, Atty., I.C.C., Washington, D. C., Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for defendants.
Nelson W. Hartman, St. Louis, Mo., W. T. Croft, Washington, D. C., for King Van Lines, Inc.
Nelson W. Hartman, St. Louis, Mo., Paul F. Sullivan, Washington, D. C., for Burnham Van Service, Inc.
Clark, Klein, Winter, Parsons & Prewitt and Arthur P. Boynton, Matheson, Dixon & Bieneman and Walter N. Bieneman, Detroit, Mich., Fordyce, Mayne, Hartman, Renard & Stribling, and Nelson W. Hartman, St. Louis, Mo., for John F. Ivory Storage Co.
Before MATTHES, Circuit Judge, and MEREDITH and REGAN, District Judges.

MEMORANDUM OPINION
PER CURIAM.
United Van Lines, Inc., North American Van Lines, Inc., Atlas Van Lines, Inc., Bekins Van Lines Company, Lyon Van Lines, Inc., and Aero-Mayflower Transit Company bring this action to review, set aside, annul and suspend orders of the Interstate Commerce Commission (hereinafter referred to as ICC), dated February 8, 1963, February 11, 1965, and February 11, 1966, granting the applications of King Van Lines, Inc., Burnham Van Service, Inc., and John F. Ivory Storage Co., Inc., respectively (intervening defendants, hereinafter referred to as King, Burnham and Ivory, respectively) for certificates of public convenience and necessity, and thereby authorizing each to operate as a carrier of household goods by motor vehicle over various routes in several western states.
In each case, the ICC grants filled in requisite rights to enable the applicants to operate to and from California and other western states as they had previously, under a mistaken construction of the extent of certification in one instance (King) and under deteriorating interline arrangements with other household goods movers, in the other two.
Each case was argued separately before a duly appointed ICC Examiner. The examiners in the Burnham and King cases recommended denial of the petition; the examiner in the Ivory case recommended certification.
*588 In each case, testimony was extensive, detailed, and subjected to careful cross-examination. After separate consideration of each case the ICC granted the authority requested by each applicant. In each case, plaintiffs petitioned for a rehearing on the basis that there were issues of general transportation importance, and in each case the petition was denied, thereby exhausting administrative remedies.
The jurisdiction of this Court is invoked under 28 U.S.C.A. §§ 1336, 2321-2325, and 5 U.S.C. § 1009, and this three-judge court, constituted as required by 28 U.S.C. § 2284, has convened for the purpose of hearing and determining these cases, which have been consolidated because of the congruence of the central issues in each.
King, Burnham, and Ivory were permitted to intervene as defendants. The consolidated case was set for hearing on September 8, 1966, and reached for hearing on that date. A certified copy of the records of the proceedings before the ICC, including the evidence introduced, the exhibits, and all orders of the ICC, were received in evidence. Counsel for all parties filed timely written briefs and orally argued the case, whereupon the case was submitted and taken under advisement.
The Interstate Commerce Act provides that a common carrier by motor vehicle is required to operate under a certificate of public convenience and necessity (I.C.A. § 206(a) (1)) (49 U.S.C. § 306 (a)) and that the ICC shall issue such a certificate when it deems that to do so would be in the public interest. I.C.A. § 207(a) (49 U.S.C. § 307(a)).
The Administrative Procedure Act, § 10 (5 U.S.C. § 1009(e)) provides that a reviewing court may set aside agency action, findings, and conclusions found to be
"(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; * * * (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence in any case subject to the requirements of sections 1006 and 1007 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (6) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court."
There is no question that the issues presented fall within the scope of the ICC's discretionary powers and no allegation that procedural prerequisites were not met. Plaintiffs do not argue that the findings of the ICC were arbitrary or unwarranted by the facts to the extent that the facts are subject to trial de novo by a reviewing court. Their arguments are: (1) that the ICC precedents fail to justify a grant of authority in these situations; (2) that improper criteria were used to determine public convenience and necessity, and (3) that the ICC's failure to specifically find public need for the service constitutes error.
These arguments go to the issue of whether or not the findings of the ICC are supported by adequate and substantial evidence in the record. "The Commission's findings and order is presumptively valid * * *", Chicago, Rock Island and Pacific R.R. v. United States, 233 F.Supp. 381 (E.D.Mo.1964), at 388, and "(t)he judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body", Miss. Valley Barge Line Co. v. United States, 292 U.S. 282, 286, 287, 54 S.Ct. 692, 78 L.Ed. 1260, quoted with approval in Sloan's Moving & Storage Co. v. United States, 208 F.Supp. 567 (E.D.Mo.1962), aff'd 374 U.S. 95, 83 S.Ct. 1687, 10 L. Ed.2d 1026 (1963). Therefore, if the conclusions of the ICC are supported by substantial evidence in the record, this Court must affirm the decisions made by the ICC and enforce their orders; "(o)rders of the Commission based upon adequate findings and supported by substantial evidence cannot be upset", *589 Sloan's Moving & Storage Co. v. United States, supra; United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 535, 536, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Convoy Co. v. United States, 200 F.Supp. 10, 12-13 (D.C.Or.1961).
As was the case in Sloan, so here, it is not shown conclusively that the ICC departed from its precedents by granting certification in the existent circumstances. See, for example, United Truck Lines, Inc., ExtensionBillings, Mont., 78 M.C.C. 777 (1959), and Interstate Motor Lines, Inc., Extension-San Francisco, 46 M.C.C. 351 (1946). Even if it did, however, that would not be a basis for annulling the ICC's orders. The Court is not concerned with the consistency or inconsistency of the ICC's decisions. Virginia Railway Co. v. United States, 272 U.S. 658, 665-666, 47 S. Ct. 222, 71 L.Ed. 463 (1926); Western Paper Makers' Chemical Co. v. United States, 271 U.S. 268, 271, 46 S.Ct. 500, 70 L.Ed. 941 (1926); Ace Lines, Inc. v. United States, 197 F.Supp. 591 (S.D. Iowa 1960), 599; Associated Transport, Inc. v. United States, 169 F.Supp. 769, 771 (E.D.Mo.1958).
The criteria by which the ICC choses to make determinations of public convenience and necessity may not be criticized by this Court unless they are found to be capricious or irrational. The scope given the ICC is broad, and within this scope the ICC may choose criteria and weigh evidence of public convenience and necessity as it sees fit. Thus, there is no need for the ICC to make a specific finding of inadequacy of existing or decreased service in order to grant additional authority to operate in a given area, and the absence of such a finding is not a basis upon which this Court may invalidate an order of the ICC. Sloan's Moving & Storage Co. v. United States, supra; Nashua Motor Express, Inc. v. United States, D.C., 230 F. Supp. 646, at 653.
We, therefore, turn to the record in order to determine whether there are adequate findings which form a substantial foundation for the orders and resulting certificates of public convenience and necessity issued by the ICC. The fact that there is substantial evidence for other conclusions is not decisive. Consolo v. Federal Maritime Commission, 383 U.S. 607, at 618, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). We are concerned only with whether or not the evidence presented will support the conclusions actually reached by the ICC.
The testimony heard by the ICC in each case, when transcribed, totalled approximately a thousand pages, exclusive of exhibits, which at least doubled the size of each record. Agents of the companies involved on both sides, traffic managers from customer-companies of each of the van lines, and expert statisticians testified as to the present demands for service, the services rendered, and probable future needs for continued and additional services in the areas involved.
All three statisticians agreed that the western states involved are areas of rapid growth and industrial expansion, as indicated both by their testimony and the accompanying exhibits. The impact of this phenomenon on the transportation industry is a demand for movement from east to west which is sometimes greater than the then-authorized companies could meet (Tr. Burnham, p. 45), although there was evidence of excessive capacity for eastbound traffic, which excess would be increased by the granting of the authority requested.
There was also evidence that Ivory, King and Burnham offered services to smaller towns and warehousemen which other lines did not offer, and that without these services, the areas involved would be "cut-off". (Tr. Ivory, p. 606)
In addition, there was abundant evidence that these small companies offer exceptional service to their customers, and that their careful handling of goods, the availability of vans on short notice, the willingness to take small loads, the reliability regarding tracing location of goods en route and meeting promised arrival dates, and other unique arrangements and conveniences offered by these *590 lines, particularly in the case of the services offered by Ivory, make them particularly desirable members of the industry. It seems fair to infer that should their services be terminated, it would be detrimental to the public. (Tr. Ivory, pp. 167, 319, 359), (Tr. King, pp. 118, 304, 309), (Tr. Burnham, pp. 707-710).
Thus, study of these transcripts reveals substantial evidence in support of the findings of the ICC. The Court, therefore, concludes that the findings and conclusions of the ICC are not arbitrary, but are adequate, supported by the record, and in accordance with the law. The orders of the ICC issued pursuant to these findings and conclusions must, therefore, be affirmed.