**DIXIE HIGHWAY EXPRESS, INC.,**
et al., Plaintiffs,

v.

**UNITED STATES** of America et al.,
Defendants.

Civ. A. No. 1273.

United States District Court
S. D. Mississippi, E. D.

May 13, 1967.

Phineas Stevens, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., R. J. Reynolds, Jr., R. J. Reynolds, III, Reynolds & Reynolds, Atlanta, Ga., James W. Wrape, Robert E. Joyner, Wrape & Hernly, Memphis, Tenn., Dudley W. Conner, Hattiesburg, Miss., Guy N. Postell, Monty T. Schumacher, Frank Hall, Atlanta, Ga., Wentworth Griffin, Reeder, Griffin & Dysart, Kansas City, Mo., Frank Garrison, W. D. Benson, Jr., Lubbock, Tex., Bates Block, Allen Post, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., Maurice F. Bishop, John P. Carlton, Bishop & Carlton, Birmingham, Ala., James W. Nisbet, Ed White, Chicago, Ill., Drew L. Carraway, John S. Fessenden, Rice, Carpenter & Carraway, Washington, D. C., James L. Givan, James J. Williams, Washington, D. C., William O. Turney, Anthony C. Vance, Turner, Major, Markham & Sherfy, Washington, D. C., for plaintiffs.

Nicholas deB. Katzenbach (now Ramsey Clark), Atty. Gen., Department of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Rubel L. Phillips, Jackson, Miss., John H. D. Wigger, Antitrust Division, Department of Justice, Washington, D. C., Robert Ginnane, General Counsel, Interstate Commerce Commission, Washington, D. C., M. Ward Bailey, Christopher & Bailey, Fort Worth, Tex., for defendants.

Before WISDOM and GRIFFIN B. BELL, Circuit Judges, and WILLIAM HAROLD COX, District Judge.

PER CURIAM:

██ This suit was instituted for the review of a decision and consequent action of the Interstate Commerce Commission in the award of a certificate of convenience and necessity to a truck-carrier, resulting in an opinion reported in D.C., 242 F.Supp. 1016 and consequent order vacating such action of the Commission and remanding the case to the Commission for further consideration and action not inconsistent with the order of the Court. The plaintiffs now move to enforce the judgment of this Court under the All Writs Statute,[1] contending that the action of the Commission subsequent to remand was in disregard, if not in violation, of the opinion and order of this Court. The defendants assail this procedure and contend that a new suit should be filed to review the new opinion, findings and order of the Commission entered pursuant to such remand. We disagree with that view. The universal rule is that every court has the inherent power to enforce its judgment and decrees. The All Writs Statute appears as a Congressional reaffirmation of that power. This case was remanded to the Commission with instructions and with the view of affording it an opportunity to comply with such instructions of this Court to enable the Court to properly pass upon the questions presented. The Commission has made a detailed report with findings and conclusions upon which to reaffirm its prior determination as to the public convenience and necessity for the service requested with unimportant exceptions.

██ It is the considered judgment of this Court that such action of the Commission rectifies only part of the infirmity pointed out by the Court to inhere and exist in the action of the Commis-

1. 28 U.S.C., 1964 ed., § 1651.

sion after remand. No further evidence was received or testimony heard by the Commission but it simply made its determination upon the prior record. In criticizing the order of the Commission for the issuance of a certificate of public convenience and necessity, this Court pointed out: "There is no evidence in this record that existing carriers were afforded an opportunity to rectify any such deficiencies in their services. Yet, on April 23, 1965, the Interstate Commerce Commission said: 'We have repeatedly stated that existing carriers normally should be accorded an opportunity to transport all of the traffic they can handle in an adequate and efficient manner without the added competition of a new operation.' The doctrine of stare decisis does not apply to decisions of administrative bodies, but consistency of administrative rulings is essential, for to adopt different standards for similar situations is to act arbitrarily. A healthy and efficient operation is extremely important to the public interest. One of the basic ingredients in the determination of public necessity is the inadequacy of existing service. The national transporation policy is intended to promote economical and efficient service and foster wholesome and basically sound economical conditions in transportation among the carriers." No attempt was made by the Commission to comply with that requirement of the Court, but the Commission simply rationalized that these protestants could not improve their service or could not furnish the service proffered by the applicant, without offering protestants an opportunity to do so and allowing them to decide whether or not they wished to and could furnish such service. It is true that these carriers do not enjoy exclusive franchises, but they do have valuable property rights and much money and property invested in facilities to properly serve the public and these carriers have a vested proper-

ty right not to be competed with by any carrier without a valid certificate of convenience and necessity or with an illegal certificate.[2]

While the rule of res judicata is not applicable to administrative agencies, still the fixed policies and well established guidelines of such administrative agences must have stability and consistency and integrity. The invariable rule of the Commission is and has been for a long time that no certificate affecting the area of another carrier will be issued until that other carrier has been furnished an opportunity either to improve or correct his service to such route or decide whether he wishes to or can furnish the added service sought by the applicant carrier. That policy and practice appears so constant and consistent as to constitute a rule of property which may not be violated by the Commission without doing violence to the due process rights of these protestants. It is unthinkable that such a well established rule can be ignored with impunity at will by this Commission. As Judge Brown said: "Our complex society now demands administrative agencies. The variety of problems dealt with make absolute consistency, perfect symmetry, impossible. And the law reflects its good sense by not exacting it. But law does not permit an agency to grant to one person the right to do that which it denies to another similarly situated. There may not be a rule for Monday, another for Tuesday, a rule for general application, but denied outright in a specific case." [3] Any other course would foster and encourage, if not subsidize, arbitrary administrative action. This administrative agency is extremely important to the proper administration of our interstate commerce and they perform their duties well with a high degree of expertise and skill acquired from a vast knowledge of this subject. But even such an agency may not disregard and depart from well es-

2. Frost v. Corporation Commission of State of Oklahoma et al., 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483.

3. Mary Carter Paint Co. v. Federal Trade Commission (5CA), 333 F.2d 654, 660; cert. denied 379 U.S. 957, 85 S.Ct. 661, 13 L.Ed.2d 553.

tablished and deep-rooted policies and practices which appear as rules of property belonging to franchise holders as muniments of title to such valuable property rights.

 No overt act was done by the Commission toward complying with this requirement of the Court toward the rectification of the infirmities in its former action. The rationalization by the Commission in this proceeding as to what these protestants wished to do or could do toward furnishing such service to the public along their routes did not satisfy the requirements of this Court in such respect.

The motion of the plaintiffs will be sustained to the extent indicated. The findings and conclusions of the Commission as to what any of these protestants wish to do or could do or would do toward furnishing such service will be stricken as inadequate. The consequent order of the Commission based upon such erroneously applied principle of law will be vacated in its entirety. The certificate issued thereon will be cancelled. The Commission and its members and their successors will be enjoined from issuing any certificate of convenience and necessity to the applicant in this case, unless and until the protestants (plaintiffs) are first afforded a reasonable opportunity to furnish such service and either advise the Commission that they do not wish to do so or the Commission finds from experience, after a reasonable opportunity, that they are unable and cannot furnish such service to the public. There will be no taxation of cost.

### FINAL DECREE

This cause coming on for hearing before this special statutory court, and the Court having rendered its opinion containing its findings and conclusions, of even date;

It is ordered, adjudged and decreed by the Court:

(1) That the plaintiffs' motion to enforce judgment herein is sustained to the extent herein indicated;

(2) That the decision of the Commission, dated January 17, 1966, is erroneous as a matter of law, and such decision and consequent judgment in its Action Number MC–111 383 (Sub Number 16) Braswell Motor Freight Lines, Inc., Extension-Atlanta and the certificate authorized and issued pursuant thereto to such carrier are cancelled and annulled as invalid and void;

(3) That the Interstate Commerce Commission, each of its members and their successors in office, are hereby permanently enjoined from issuing a certificate of public convenience and necessity to the Braswell Motor Freight Lines, Inc., on the application report and order of the Commission, aforesaid. The Court expressly reserves full jurisdiction to issue any necessary process for the proper and necessary enforcement of this decree;

(4) No costs are assessed in this case.