UNITED STATES ET AL. *v.* DIXIE HIGHWAY
EXPRESS, INC., ET AL.

No. 694. Decided December 18, 1967.*

*Acting Solicitor General Spritzer, Assistant Attorney General Turner, Howard E. Shapiro, Robert W. Ginnane* and *Betty Jo Christian* for the United States et al. in No. 694. *T. S. Christopher* for appellant in No. 707.

*Together with No. 707, *Braswell Motor Freight Lines, Inc.* v. *Dixie Highway Express, Inc., et al.,* also on appeal from the same court.

*Robert E. Short* for Dixie Highway Express, Inc., et al., and *Bates Block, Wentworth Griffin, Ed White, W. D. Benson, Jr., John S. Fessenden, Robert E. Joyner, R. J. Reynolds III* and *William O. Turney* for Baggett Transportation Co. et al., appellees in both cases.

PER CURIAM.

Pursuant to § 207 (a) of the Interstate Commerce Act, 49 Stat. 551, 49 U. S. C. § 307 (a), the Interstate Commerce Commission concluded that a certificate of public convenience and necessity should issue to Braswell Motor Freight Lines, Inc., authorizing Braswell to extend its motor carrier services to stated points. This conclusion was based upon the Commission's finding that existing service to those points was inadequate to serve public needs. Upon suit by several competing motor carriers serving the area, the District Court enjoined the Commission from proceeding with the grant to Braswell on the ground that the Commission had failed to make adequate findings and that it had failed to afford existing carriers an opportunity to rectify deficiencies in their service. Upon remand, the Commission did not take further evidence, but it made additional findings in considerable detail. It again concluded that shippers and receivers were hampered by the inadequacy of existing service, and it held that, despite numerous complaints, existing carriers had not demonstrated that they could be depended upon to furnish adequate service.

The competing carriers then filed in the District Court a motion under the All-Writs Act, 28 U. S. C. § 1651, contending that the Commission had disregarded the prior opinion and order of the court and asking that the court enforce its prior judgment. The District Court agreed. It stated that it was the Commission's "invariable rule" that no certificate would issue to add a

carrier to those serving an area without first furnishing existing carriers an opportunity to improve the service. It referred to this as a "rule of property" operating in favor of existing carriers. Accordingly, it permanently enjoined the Commission from issuing a certificate of convenience and necessity to Braswell "unless and until the [appellees—the existing motor carriers] are first afforded a reasonable opportunity to furnish such service . . . ."

The United States and the Commission, and Braswell, appealed the judgment to this Court under the provisions of 28 U. S. C. §§ 1253 and 2101 (b).*

The District Court erred in holding that it is the "invariable rule" of the Commission to grant existing carriers an opportunity to remedy deficiencies in service, and in holding that carriers have a property right to such opportunity before a new certificate may be issued upon a lawful finding of public convenience and necessity pursuant to the statute. The Commission's power is not so circumscribed. No such limitation has been established by the Commission's own decisions or by judicial determinations. It is, of course, true that the Commission should consider the public interest in maintaining the health and stability of existing carriers, see *United States* v. *Drum,* 368 U. S. 370, 374 (1962); but it is also true that, upon the basis of appropriate findings, "the Commission may authorize the certificate even though the existing carriers might arrange to furnish successfully the projected service." *ICC* v. *Parker,* 326

---

*Appellees urge that the appeals are untimely because they were filed more than 60 days after the District Court's initial judgment. This is palpably untenable because, without passing upon the appropriateness of the All-Writs procedure which appellees utilized, it is clear that the appeals were properly taken from the District Court's second order entered after the Commission decision upon remand.

U. S. 60, 70 (1945); see *Schaffer Transportation Co.* v. *United States,* 355 U. S. 83, 90–91 (1957). Accordingly, we reverse and remand for further proceedings consistent with this opinion.

MR. JUSTICE MARSHALL took no part in the consideration or decision of these cases.