**DIXIE HIGHWAY EXPRESS, INC.,
et al., Plaintiffs,**

v.

**UNITED STATES of America et al.,
Defendants.**

Civ. A. No. 1273.

United States District Court
S. D. Mississippi, E. D.

June 14, 1968.

474

Phineas Stevens, Butler, Snow, O'Mara, Stevens & Cannada, Jackson Miss., Robert E. Joyner, Wrape & Hernly, Memphis, Tenn., R. J. Reynolds, Jr., Reynolds & Reynolds, Atlanta, Ga., Ed White, Chicago, Ill., Dudley W. Conner, Hattiesburg, Miss., for plaintiffs.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., M. Ward Bailey, Tom S. Christopher, Fort Worth, Tex., Rubel L. Phillips, Jackson, Miss., for defendants.

Before WISDOM and GRIFFIN B. BELL, Circuit Judges and WILLIAM HAROLD COX, District Judge.

PER CURIAM:

This case is again before the Court on motion of the plaintiffs for a summary judgment and on motion of the defendants to dismiss pursuant to a reversal and remand by the Supreme Court [1] of the former order herein. The action of the Commission in granting the franchise under the facts and circumstances previously stated seems to have created the greatest problem with respect to the franchise of Roadway and Mercury which were granted only five days prior to the filing of the application of Braswell herein. But criticism of such treatment of said franchises did not properly reckon with the fact that the Commission was not obliged to specifically find the transportation service of such carriers inadequate in order to find additional transportation service necessary in the public interest in the particular area. The Commission had a right to find a further need of service by the general public without a specific finding of the existence of inadequate service by either carrier. That was merely one of the elements for its consideration but was not indispensable as a specific finding by the Commission to a proper award of a certificate.[2] A

1. United States v. Dixie Highway Express, Inc., 389 U.S. 409, 88 S.Ct. 539, 19 L. Ed.2d 639.

2. Norfolk Southern Bus Corporation v. United States, D.C., 96 F.Supp. 756, affirmed 340 U.S. 802, 71 S.Ct. 68, 95 L.Ed.

sound discretion in the exercise of a highly specialized knowledge in the field of interstate transportation was confided by the Congress to this Commission and not to a court on a de novo consideration or review of its decision. The Commission disagreed with the decision of the General Board. One of the Commissioners disagreed with the decision of the Commission; and on the rehearing two of its Commissioners disagreed with its decision. There are numerous and very complex and complicated problems which must be considered and weighed and balanced against each other and decided for a proper determination by this administrative agency as to the existence vel non of any public need or necessity for a franchise to serve public transportation needs and requirements. The Court judicially knows of the commercial and industrial expansion in the area to be served by the franchise granted Braswell. The Court is unable to say on this record as presented with any degree of assurance, or satisfaction under such facts and circumstances shown in this record, and obviously considered and decided by this Commission that its judgment herein granting such franchise is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or unsupported by substantial evidence.[3] When this Court remanded this case to the Commission, it was not by such order required to take additional evidence or to make its decision anew otherwise than upon the existing record.[4] Significantly, in spite of all that had been written, or said or done by anybody, the plaintiffs did not seek an opportunity to produce, or show any other or additional facts which would convince the Court that the decision of the Commission bore any infirmities within the scope of a proper review by this Court.

It is, accordingly, the view of this Court that the motion of the plaintiffs is without merit and should be overruled, and that the motion of the defendants must and will be sustained.

A judgment, accordingly, may be presented.

590; Southern Kansas Greyhound Lines, Inc. v. United States, D.C., 134 F.Supp. 502, affirmed 351 U.S. 921, 76 S.Ct. 779, 100 L.Ed. 1453; Beard-Laney, Inc. v. United States, D.C., 83 F.Supp. 27, affirmed 338 U.S. 803, 70 S.Ct. 64, 94 L. Ed. 486; Cf. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; Davidson Transfer & Storage Co. v. United States, D.C., 42 F. Supp. 215, affirmed 317 U.S. 587, 63 S. Ct. 31, 87 L.Ed. 481; North Coast Transportation Co. v. United States, D.C., 54 F.Supp. 448, affirmed 323 U.S. 668, 65 S.Ct. 62, 89 L.Ed. 543; Sloan's Moving & Storage Co. v. United States, D.C., 208 F. Supp. 567, affirmed 374 U.S. 95, 83 S.Ct. 1687, 10 L.Ed.2d 1026.

3. 5 U.S.C. § 1009(e) [now appearing as 5 U.S.C., 1964 ed., § 706].

