**CARAVELLE EXPRESS, INC., a Corporation, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants**
and
**Indiana Refrigerator Lines, Inc.,**
**Intervening Defendant.**

**Civ. 1258–L.**

United States District Court
D. Nebraska.

July 22, 1968.

Duane W. Acklie, and Richard A. Peterson, of Nelson, Harding, Acklie, Leonard & Tate, Lincoln, Neb., for plaintiff.

Donald F. Turner, Asst. Atty. Gen., John W. D. Wigger, Dept. of Justice, Washington, D. C., and Theodore L. Richling, U. S. Atty., Omaha, Neb., for the United States.

Robert W. Ginnane, Gen. Counsel and Steven Kazan, Washington, D. C., for I. C. C.

James C. Hardman, of Singer & Hardman, Chicago, Ill., and John Reefe, Jr., of Tesar, Reefe & Rogers, Omaha, Neb., for intervening defendant.

Before LAY, Circuit Judge, and ROBINSON and VAN PELT, District Judges.

## MEMORANDUM

RICHARD E. ROBINSON, District Judge.

By its action here, plaintiff seeks to set aside a portion of a certain order of the Interstate Commerce Commission which denies it the right to operate as a common carrier by motor vehicle of meats, meat byproducts, and other meat packinghouse articles from Gordon, Nebraska, Norfolk, Nebraska; and Onawa, Iowa to destinations in Florida. We have concluded that the relief requested must be denied.

This Court has jurisdiction over the action under the terms of 28 U.S.C. § 1336, and venue is proper pursuant to 28 U.S.C. § 1398[a], in that plaintiff's residence and principal place of business are located in the District of Nebraska.

On September 12, 1962, plaintiff, Caravelle Express, Inc., filed an application with the Interstate Commerce Commission requesting the issuance of a certificate of public convenience and necessity under Section 207 of the Interstate Commerce Act [49 U.S.C. § 307] authorizing the plaintiff to operate as a common carrier in interstate commerce from points in Antelope, Burt, Cedar, Cumming, Dixon, Knox, Madison, Pierce, Sheridan, Stanton, Thurston and Wayne Counties in Nebraska; and points located in Monona County, Iowa to various points within the United States and including the State of Florida. Several rail and motor carriers protested the issuance of the certificate, but upon hearing the Examiner recommended that the plaintiff be granted a substantial portion of the authority sought. Florida was one of the destinations for which authorization was recommended. Various exceptions were filed by the objecting parties. On August 16, 1963 the Commission [No. MC 124774, Caravelle Express, Inc., Common Carrier Application, 105 M.C.C. 415 (1967)] granted a portion of the authority recommended, but denied the authority to extend operations to the more distant states, and, in particular, denied authority to service destination points in the State of Florida. After two petitions for reconsideration had been denied by the Commission, a petition seeking a determination that an issue of general transportation importance was involved proved to be equally unsuccessful, and two years having elapsed, plaintiff filed its complaint in this action.

Indiana Refrigerator Lines, Inc., was allowed to intervene and participate in the proceedings before this Court as Third-Party Defendant.

While other points have been raised and discussed by the plaintiff in the

arguments and briefs, the thrust of its position appears to be that the Commission's Order is defective insofar as its denial of authority for Florida operations in that its findings lack sufficient clarity and specificity as to its reasoning and conclusions. The Commission's findings were stated as follows:

" * * * [A]lthough Midwestern Beef [supporting shipper] claims a potential nationwide market for its products, it thus far has found outlets therefor only at points in Illinois, Wisconsin, Michigan, Minnesota, and Missouri. The interstate markets in other States, particularly the most distant states, are extremely conjectural."

 Plaintiff contends that the statement of the Commission's findings is inadequate because of three special factors which exist in this case. First, plaintiff points to the fact that while evidence was presented to the Examiner relating directly to the needs of plaintiff's supporting shipper for a facility for Florida destinations and no direct evidence as to the shipper's needs in some other of the Eastern states, the Commission disposed of all of the distant states in its findings without distinguishing between Florida and the others. In answer to this proposition, we would first state that we believe that this conclusion may be rationally drawn from the evidence presented to the Hearing Examiner. Even though two examples of possible sales in Florida were cited, which were not consummated because of failure to secure suitable shipping to that destination, we are not prepared to substitute our judgment for that of the Commission to conclude that the Commission's finding is arbitrary and without a substantial basis in fact. Nor do we find any obligation on the part of the Commission to review and comment upon each item of evidence in its findings. Secondly, the plaintiff urges that the grant of temporary authority by the Commission placed an additional burden to specify its reasons for denying the permanent authority. Section 210a[a] of the Interstate Commerce Act: 49 U.S.C. § 310a provides, in part, as follows:

"Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the Commission shall specify, but for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter."

There can be no doubt but that the procedures provided for the issuance of temporary authority would become frustrated should the Commission's finding in any way restrict its ultimate determination. Temporary authority may be granted without extensive investigation into the factors which will determine the grant of the permanent authority, and it would be contrary to the purposes of the provision and its express language to limit the Commission's action by its issuance of a grant of temporary authority. See Colorado-Arizona-California Express, Inc. v. United States, 224 F. Supp. 894 [D.Colo., 1963]. Plaintiff cites Dunkley Refrigerated Transport, Inc. v. United States, 253 F.Supp. 891 [D.Utah, 1966] for the proposition that the Commission, having granted temporary authority, must later explain its later change in position in denying permanent rights. As the court's decision in that case was based upon a finding that there was no substantial evidence to support the Commission's conclusions, and not its failure to specify the reasons for its decision, we do not find the reference made to the grant of temporary authority persuasive in the present case.

 Finally, the Plaintiff urges that when the Commission adopted the Hearing Examiner's findings of fact it undertook an additional burden of explaining how it arrived at contrary conclusions. The case of Dixie Highway Express v. United States, 242 F.Supp.

1016 [S.D.Miss., 1965] [1] is said to support this contention. The Commission in that case, as here, adopted the Examiner's findings of fact but arrived at a contrary decision. The Court there stated, at page 1018:

"While it is recognized that there must necessarily be some limitations upon specifics in a finding of fact which influence or control commission action, it would appear irrefragable that in view of the commission's adoption generally of the board's findings, that the commission was obliged to state with more than ordinary specificity any contrary finding of facts available to it in this record to influence its decision."

But, once again, the court's determination in that case was that the findings of the Commission were without substantial support in the record; a factor which clearly distinguishes it from the one before us. Section 8[a] of the Administrative Procedure Act (5 U.S.C. Sec. 557), which is applicable to the proceedings before the Interstate Commerce Commission, does not relegate that body to the role of a reviewing court, for it expressly confers upon it the right to make its own determinations from the evidence.[2] Morgan Drive-Away, Inc. v. United States, 268 F.Supp. 886 (N.D.Ind. 1967); see also Federal Radio Commission v. Nelson Bros. Bond and Mortgage Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166 (1933). A finding that the plaintiff has not sustained his burden of proof as to the existence of need is certainly not inconsistent with the adoption of the findings of the Examiner. While the Commission may be said to have accepted the evidence found by the Examiner as fact that two Florida sales were lost for lack of available transportation facilities, we are not persuaded that the Commission was in any way bound to accept the Examiner's conclusion drawn from these facts that the requisite "need" had been shown. The items in the circumstances of this case may be said to warrant a particularly close inspection of the evidence by this Court, but not to place a special burden on the Commission for greater particularity in its findings of fact. The duty is imposed upon the Commission to state its findings and conclusions and to supply its reasons, (5 U.S.C. Sec. 557(b)) for without such explanation the courts would have no way to determine whether the Commission had properly exercised its discretion. Both the parties and the courts have the right to be informed as the basis of the agency's determinations. Burlington Truck Lines v. United States, 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962); Morgan Drive-Away, Inc. v. United States, D. C., 268 F.Supp. 886 (1967). There is no requirement, however, that the Commission furnish an analysis of each item of evidence that is brought before the Examiner, nor to disclose the mental processes through which the decision was reached. When the Commission's findings are stated with sufficient particularity to clearly inform this Court and the parties of the basis of its decision, they have fulfilled their purpose. We hold that the findings are adequate in this case.

The scope of this Court's review in these matters is limited.

"We think the court misconceived not only the effects of the Commission's action in these cases but also its own function. It is not true, as the opinion

---

1. Subsequent opinion on motion to enforce judgment, 268 F.Supp. 239 [S.D.Miss., 1967], reversed and remanded, 389 U.S. 409, 88 S.Ct. 539, 19 L.Ed.2d 639 (1967)].

2. Although the Commission has specific authority to make independent factual determinations (5 U.S.C. Sec. 557(b)), this statement should not be interpreted to detract from the stature to be given to an Examiner's original findings. See Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 492–497, 71 S.Ct. 456, 95 L. Ed. 456.

stated, that ' * * * the courts must in a litigated case, be the arbiters of the paramount public interest.' * * * This is rather the business of the Commission, made such by the very terms of the statute. The function of the reviewing court is much more restricted. It is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. Unless in some specific respect there has been a prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene. It cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon the matters committed to its determination, if that has support in the record and the applicable law." United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 [1945].

This Court has often recognized the limitations placed upon it in this type of litigation. Andrews Van Lines, Inc. v. United States, 259 F.Supp. 468 [D.Neb. 1966]; Watson Bros. Transportation Company, Inc. v. United States, 59 F. Supp. 762 [D.Neb.1945]; Watkins Motor Lines, Inc. v. United States 243 F.Supp. 436 [D.Neb.1965].

In the case before us the Commission concluded that Caravelle Express, Inc. has failed to demonstrate that public convenience and necessity existed for the proposed Florida operations. We hold that this was a rational conclusion and has substantial support in the evidence.

In view of our final conclusions stated above we do not find it necessary to reach the estoppel issue raised by intervening defendant, Indiana Refrigeration Lines, Inc.

Accordingly, the relief sought by the plaintiff will be denied and the complaint will be dismissed.