**V. VAN DYKE TRUCKING, INC., a Washington corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 7753.**

United States District Court
W. D. Washington, N. D.

Sept. 30, 1968.

---

John Ranquet, George Kargianis, Seattle, Wash., for plaintiff.

Eugene G. Cushing, U. S. Atty., Albert Stephan, Asst. U. S. Atty., Seattle, Wash., Edwin M. Zimmerman, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., for the United States.

Robert W. Ginnane, Gen. Counsel, and Barry Roberts, Atty., I. C. C., Washington, D. C., for I. C. C.

Reaugh, Hart, Allison, Prescott & Davis and George H. Hart and Jack R. Davis, George Labissoniere, Seattle, Wash., White, Sutherland & Gilbertson and Norman E. Sutherland, Portland, Or., for intervening defendants.

Boyd Hartman, Seattle, Wash., for Consolidated Freightways Corp. of Delaware.

## OPINION

Before HAMLEY, Circuit Judge, and LINDBERG and BEEKS, District Judges.

PER CURIAM.

This is a complaint to set aside a report and order of the Interstate Commerce Commission, which reversed the Joint Board's recommendation and denied plaintiff's application for operating authority.

■■ It is clear from the record that the Commission did not, in any material instance, pass upon the credibility of a witness as contended by plaintiff; it simply arrived at a different conclusion from the evidence presented than did the Joint Board. Since there is substantial evidence to support the Commission's conclusions they must be sustained.[1]

■ Plaintiff also contends that the Commission used an improper standard in determining that public convenience and necessity did not require granting the requested operating authority, inasmuch as the Commission required plaintiff to prove that existing service was inadequate. Relying on Braswell Motor Freight Lines, Inc. v. Dixie Highway Express, Inc.,[2] plaintiff asserts that it need show only that its proposed service would be unique or superior to presently available service, and not that existing service is inadequate.

Plaintiff's reliance on Braswell is misplaced. In Braswell the Commission's grant of additional operating authority was premised on its finding that existing service was inadequate. Such is not the case here, because the Commission found that plaintiff had not demonstrated that existing service was inadequate.

The Commission's decision is affirmed. Counsel for defendants may prepare and submit an appropriate decree within fifteen days of the date hereof.

---

1. See Illinois Central R. v. Norfolk & Western Ry., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

2. 389 U.S. 409, 88 S.Ct. 539, 19 L.Ed.2d 639 (1967).