**QUALITY CARRIERS, INC.**, Midwest Emery Freight System, Inc., and Liquid Transport Corp., Plaintiffs,

v.

**UNITED STATES** of America and Interstate Commerce Commission, Defendants,

and

Schwerman Trucking Co., Transport Service Co., Barry Transports, Inc., Montgomery Tank Lines, Inc., and Olson Transportation Company, Intervening Defendants.

No. 68–C–44.

United States District Court
E. D. Wisconsin.

Oct. 1, 1968.

David Axelrod, Leonard R. Kofkin and David I. Harfeld, Chicago, Ill., for all plaintiffs.

Allan B. Torhorst, Burlington, Wis., for plaintiff, Quality Carriers, Inc.

Robert W. Loser, Indianapolis, Ind., for plaintiff, Liquid Transport Corp.

Edwin M. Zimmerman, Acting Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and James B. Brennan, U. S. Atty., by Thom-

as R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for defendant, the United States.

Robert W. Ginnane, Gen. Counsel, Manny H. Smith and Barry Roberts, Attys., I. C. C., Washington, D. C., for defendant, I. C. C.

James R. Ziperski, Milwaukee, Wis., Robert H. Levy, James C. Hardman and William H. Towle, Chicago, Ill., and J. William Cain, Jr., Washington, D. C., for intervening defendants.

Before FAIRCHILD, Circuit Judge, and REYNOLDS and GORDON, District Judges.

REYNOLDS, District Judge.

## I. HISTORY OF THE ACTION

This action was begun on February 13, 1968. Plaintiffs seek to annul and set aside an order of the Interstate Commerce Commission, Review Board No. 2, which adopted and affirmed a hearing examiner's recommended report and order. By court order of March 13, 1968, Schwerman Trucking Co., Transport Service Co., Barry Transports, Inc., Montgomery Tank Lines, Inc., and Olson Transportation Company were allowed to intervene as defendants. A temporary restraining order was issued, but on April 10, 1968, a three-judge panel vacated that order. On August 13, 1968, oral arguments were ably presented to a three-judge panel by attorneys for all parties.

This court has jurisdiction of this action under §§ 205(g), 205(h), and 17 of the Interstate Commerce Act, 49 U.S.C. §§ 305(g), 305(h), and 17, and the provisions of §§ 1336, 1398, 2284, and 2321 to 2325, inclusive, of the Judicial Code, Title 28 U.S.C. §§ 1336, 1398, 2284, and 2321 to 2325.

## II. PROCEEDINGS BEFORE THE COMMISSION

The order which the plaintiffs seek to set aside is the result of lengthy proceedings before the Interstate Commerce Commission (hereinafter referred to as the "Commission").

The proceedings before the Commission were instituted by separately filed applications of Schwerman Trucking Co., Transport Service Co., Barry Transports, Inc., Montgomery Tank Lines, Inc., and Olson Transportation Company, intervening defendants in the present action. Each of these carriers sought a certificate of public convenience and necessity authorizing them to transport edible animal fats and oils and vegetable fats and oils from several states into Chicago and from Chicago to a number of states. The applications were protested by a number of rail and motor common carriers, including the present plaintiffs.

Extensive hearings were held in Chicago, Illinois, on December 12, 13, 14, and 15, 1966, before a Commission hearing examiner. All five applications were supported by two large shippers of edible oils, Durkee Famous Foods Division of Glidden Company, and Hunt Wesson Foods, Inc., a subsidiary of Hunt Foods and Industries, Inc., hereinafter called "Durkee" and "Wesson," respectively. Evidence was introduced concerning the operations of the applicants and the transportation requirements of the two shippers. Evidence was also presented pertaining to deficiencies in the transportation service now available to the shippers. The protesting carriers, including present plaintiffs, presented evidence concerning their operations.

The examiner found in his report and recommended order that (1) there was a public need for service of a magnitude that would include the proposed service, and (2) the inadequacies in the available motor common carrier service were sufficient to warrant grants of new carrier authority. The examiner found that public convenience and necessity required that from one to five additional motor carriers be authorized to provide service from Chicago, Illinois, to points in twenty states.

Exceptions were filed by three of the applicants, contending that they did not receive large enough grants of authori-

ty. Several of the protestants, including the plaintiffs herein, filed exceptions, contending that the applicants received too much authority and that no new service is needed. Each side replied to the other's exceptions.

By decision and order served September 7, 1967, the Commission, Review Board No. 2, found that "the evidence considered in the light of the pleadings does not warrant a result different from that reached by the examiner," and affirmed and adopted the report and order. By that decision and order, the Commission, pursuant to § 207(a) of the Interstate Commerce Act, 49 U.S.C. § 307, granted certificates of public convenience and necessity to the five motor carriers (intervening defendants in this action) to transport edible animal and vegetable fats and oils from Chicago, Illinois, to points in twenty states. By order served January 30, 1968, petitions for reconsideration were denied by the Commission, Division 1, acting as an appellate division.

## III. QUESTION PRESENTED FOR DECISION

In short, this court is asked to decide whether the Commission's grant of the Olson, Transport Service, Barry, Schwerman and Montgomery applications for certificates of public convenience and necessity is based upon adequate findings, supported by substantial evidence on the whole record, and is in accord with the applicable law.

■ When reviewing the opinion and order of an administrative agency, such as the Interstate Commerce Commission, the court is not to try the issues *de novo* or to reverse if the court might decide differently on the same facts. Recently the Supreme Court in Illinois Central Railroad Co. *v.* Norfolk & Western Railway Co., 385 U.S. 57, 66, 87 S.Ct. 255, 260, 17 L.Ed.2d 162 (1966), emphasized the standard of review of agency action:

"* * * The test on judicial review is, of course, whether the action of the Commission is supported by 'substantial evidence' on the record viewed as a whole, 5 U.S.C. § 1009(e) (5). Substantial evidence is 'enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' [National] Labor [Relations] Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300 [59 S.Ct. 501, 505, 83 L.Ed. 660] (1939). * * *"

In the view of this Court, the decision of the Commission is supported by substantial evidence as defined by the Supreme Court. In this case the examiner considered the overall transportation needs of Durkee and Wesson and concluded that they have a definite overall need for a great amount of motor carrier service from Chicago to twenty states. The examiner considered the volume of traffic moving to each state and classified the volumes as extra heavy, moderate, and small. Plaintiffs do not dispute that Durkee and Wesson ship great quantities of the involved products throughout the United States, nor do they dispute the classification of the traffic moving to particular states according to volume.

■ The grants of authority here were predicated upon clear findings of deficiencies in the present service. The examiner made detailed subsidiary findings concerning complaints about service, method of operation, and scope of operations of the protesting carriers. 107 M.C.C. 170–184 (1967). Consequently, in the last analysis, plaintiffs' arguments essentially dispute the weight given the evidence. It has long been established that the weight accorded evidence is a matter for the Commission. Merchants Warehouse Co. *v.* United States, 283 U.S. 501, 508, 51 S.Ct. 505, 75 L.Ed. 1227 (1931).

■ Plaintiffs contend further that the Commission abused its discretion by finding that public convenience and necessity required additional carrier service. As plaintiffs note in their brief at page 17, however, "the courts as a general rule have recognized that the issue

of public convenience and necessity is a matter peculiarly requiring the exercise of the Commission's expert judgment in the field of transportation. North American Van Lines, Inc. v. U. S., 217 F.Supp. 837 [1963]."

Recently in United States v. Dixie Highway Express, Inc., 389 U.S. 409, 411, 88 S.Ct. 539, 540, 19 L.Ed.2d 639 (1967), the Commission authorized additional motor carrier service to points which it found were being inadequately served. The district court set aside the Commission's order, holding that the existing carriers must be given an opportunity to improve their services. The Supreme Court reversed, holding:

"The District Court erred in holding that it is the 'invariable rule' of the Commission to grant existing carriers an opportunity to remedy deficiencies in service, and in holding that carriers have a property right to such opportunity before a new certificate may be issued upon a lawful finding of public convenience and necessity pursuant to the statute. The Commission's power is not so circumscribed. No such limitation has been established by the Commission's own decisions or by judicial determinations. It is, of course, true that the Commission should consider the public interest in maintaining the health and stability of existing carriers, see United States v. Drum, 368 U.S. 370, 374 [82 S.Ct. 408, 7 L.Ed.2d 360] (1962); but it is also true that, upon the basis of appropriate findings, 'the Commission may authorize the certificate even though the existing carriers might arrange to furnish successfully the projected service.' ICC v. Parker, 326 U.S. 60, 70 [65 S.Ct. 1490, 89 L.Ed. 2051] (1945); * * *."

Thus, it appears clear that when, as here, there is substantial evidence to support the finding of the Commission that public convenience and necessity require additional service, the court is not to reverse merely because the existing service may improve.

Neither is the Commission required to insulate existing carriers from additional competition, even though existing service is adequate. Campus Travel, Inc. v. United States, 224 F. Supp. 146 (S.D.N.Y.1963); Sloan's Moving & Storage Co. v. United States, 208 F.Supp. 567 (E.D.Mo.1962), aff'd per curiam 374 U.S. 95, 83 S.Ct. 1687, 10 L.Ed.2d 1026 (1963).

Consequently, this Court is of the opinion that plaintiffs' position is without merit in that (1) the record provides substantial evidence upon which the Commission could properly find deficiencies in plaintiffs' service, and (2) even assuming, arguendo, that plaintiffs' services were not inadequate, this alone would not preclude certification of another carrier proposing to perform an improved service.

It is the opinion of this Court that the Commission's finding that public convenience and necessity justified issuance of the additional certificates is supported by substantial evidence.

For the foregoing reasons,

It is therefore ordered that plaintiffs' complaint be and it hereby is dismissed.