**JERRY LIPPS, INC., a Corporation, Plaintiff,**

v.

**INTERSTATE COMMERCE COMMISSION and the United States of America, Defendants,**

**Ryder Truck Lines, Inc., Intervening Defendant,**

**Gordons Transports, Inc., Intervening Defendant,**

**and Terminal Transport Co., Inc., Intervening Defendant.**

**No. 68 C 12(1).**

United States District Court
E. D. Missouri, E. D.

April 29, 1969.

---

Stuart Symington, Jr., Guilfoil, Symington, Montrey & Petzall, St. Louis, Mo., Kretsinger & Kretsinger, by Warren H. Sapp, Kansas City, Mo., for plaintiff.

John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Donald F. Turner, Asst. Atty. Gen., Washington, D. C., Veryl L. Riddle, U. S. Atty., St. Louis, Mo., Robert W. Ginnane, Gen. Counsel, Nahum Litt, Atty., Interstate Commerce Commission, Washington, D. C., Schoenbeck & LaTourette, St. Louis, Mo., for intervenors.

Before MATTHES, Circuit Judge, and HARPER and REGAN, District Judges.

HARPER, District Judge.

## MEMORANDUM OPINION

This is an action by the plaintiff, Jerry Lipps, Inc., to review, set aside, vacate and annul an order of the defendant, Interstate Commerce Commission (ICC), dated September 28, 1968, denying the plaintiff's application for a certificate of public convenience and necessity to operate as a common carrier over irregular routes between St. Louis, Missouri, and the State of Florida.

The application was originally heard before Laurence E. Masoner, Hearing Examiner. Said hearing was held pursuant to plaintiff's request both in St. Louis, Missouri, and in Tampa, Florida, and consumed some twenty-one days. The Hearing Examiner, after examination of the evidence presented, recommended denial of the application in his issued report and order.

Exceptions were filed by the plaintiff. Division I of the ICC, after consideration of the exceptions and replies thereto, affirmed the decision of the Examiner, adding an additional ground, noted hereafter.

Plaintiff has exhausted his administrative remedies.

The jurisdiction of this court is invoked under 28 U.S.C.A. §§ 1336, 1339, 2321–2325 and 5 U.S.C.A. § 1009. Pursuant to 28 U.S.C.A. § 2325, the matter was presented to and decided by a three-judge district court.

Ryder, Gordon and Terminal were permitted to intervene in support of the ICC, having been protestants in the administrative process. A certified copy of the records and proceedings before the ICC, including all of the evidence, the exhibits introduced, and the orders of the ICC, were received in evidence. Counsel have orally argued the case and written briefs have been filed.

The Interstate Commerce Act provides that a common carrier by motor vehicle is required to operate under a certificate (49 U.S.C.A. § 306(a)), and further, that the ICC shall issue such a certificate when it deems that to do so is in the public interest (49 U.S.C.A. § 307(a)). The plaintiff here was and is operating under limited irregular route authority to carry specific commodities between St. Louis and points in Florida (Appendix A to the Examiner's Report). It applied in December of 1964 for an increase of authority so that it could transport general commodities by irregular routes between St. Louis and points in Florida.

As noted, after a hearing, the Examiner recommended adversely to the plaintiff and the ICC agreed and denied the application (105 M.C.C. 811). The ICC decision—that the applicant failed to establish that the present or future public convenience and necessity required the proposed operation—was based upon the Examiner's finding that the existing service of Ryder was not shown inadequate, and upon an additional ground that the proposal was not and would not be responsive to the stated needs of the shippers involved.

In reviewing this Order, the court is guided by the Administrative Procedure Act, 5 U.S.C.A. § 1009(e). The scope of our review of the Commission's order is limited to a determination, upon the whole record, of whether the Commission's findings are supported by substantial evidence, or whether its findings and conclusions were induced by misapplication of the law. In other words, if the Commission's findings are supported by substantial evidence and are in accordance with the law, they must be upheld. See ICC v. L & N R. R., 227 U.S. 88, 94, 33 S.Ct. 185, 57 L.Ed. 431; Universal

Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Chicago, Rock Island & Pacific R. R. v. United States, D.C., 233 F.Supp. 381; Mississippi Valley Barge Line v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260; Consolo v. F. M. C., 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131; Sloan's Moving and Storage Co. v. United States, D.C., 208 F.Supp. 567, aff'd, 374 U.S. 95, 83 S.Ct. 1687, 10 L.Ed.2d 1026; United Van Lines, Inc. v. United States, D.C., 266 F.Supp. 586.

Plaintiff attacks the decision on three grounds: First, it argues that the ICC erred in considering the single line service of Ryder; second, that the ICC applied the wrong standard to the applicant's proposal of irregular route service; and third, that the Commission's refusal to reopen the hearing was arbitrary and capricious.

For the reasons hereafter stated, the court is of the opinion that the plaintiff's points are without merit and that the order of the ICC made pursuant to its findings and conclusions must be affirmed.

 As to the third point argued by plaintiff—that the Commission's refusal to reopen the hearing for evidence of Ryder's inadequate single line service was arbitrary—it is clearly the law that such requests are directed to the sound discretion of the Commission, and reversal on this basis is permissible only upon a showing of clear abuse of that discretion. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; ICC v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420; United States v. Northern Pacific Ry., 288 U.S. 490, 53 S.Ct. 406, 77 L.Ed. 914. No abuse of discretion is apparent here. The hearings extended over a six-month period, giving plaintiff ample opportunity to present such evidence then. Furthermore, the reported decision indicates that the Commission in fact considered the material which plaintiff wished to present.

"* * * the record here has been fairly made, the evidence tendered appears to be cumulative, and the present record (which is adequate to support our conclusions herein) would not be changed in any decisive respect by receipt of such tendered evidence."

Plaintiff's other two points are similarly without merit. These arguments attack the use of certain criteria by the Commission and the findings made under the evidence presented.

 There is substantial evidence in the record as a whole on which a finding could be based that Ryder's single line service was adequate to meet the shipping public's needs. The evidence of the shippers in support of the application was that the interline or multiple-line service between St. Louis and Florida was insufficiently fast for their individual needs. The Examiner and Commission so found. But during the pendency of the hearing the Ryder-Hoover merger provided these shippers with single line service that they requested. Ryder's evidence, consisting of testimony (Tr. 1912 et seq.), and exhibits, in particular No. 69, demonstrate that the merger cut the shipping time appreciably and put it within the period requested by the shippers. While plaintiff dislikes the method of computation used by Ryder, the Commission approved it over such attack, and the court can see no basis for altering this. Admittedly certain shippers indicated that Ryder's single line (post-merger) service was still inadequate. However, the evidence nevertheless supports a finding that Ryder's service is reasonably adequate and will probably improve. Certainly, contrary to plaintiff's assertion, consideration of Ryder's service is proper when the Commission is in fact determining the existence of a public necessity under the Act. Reliance upon Dixie Highway Express, Inc. v. United States, 389 U.S. 409, 88 S.Ct. 539, 19 L.Ed.2d 639, is misplaced. There the Commission determined that a need for additional service existed. The District Court reversed holding that the existing carriers had a right to first try to improve their service. That holding

was in turn reversed by the Supreme Court, which stated that the Commission *may* authorize additional certificates even though the existing carriers could improve.

■■ The second basis of denial, that the proposed service would not meet the supposed need, is also supported by substantial evidence on the whole record. As pointed out by the Commission, when the applicant's witness was questioned on the record, he largely reiterated, without any specificity, "We will do whatever is necessary to handle the traffic tendered." Whether or not a given proposal is sufficiently drawn so that in its operation it could prosper and perform a viable service is a matter particularly within the expertise of the Commission. Considering the proposal, which the evidence reveals to be rather indefinite as to form, content and substance, the conclusions of the Commission are in the court's opinion well taken.

The applicant offered no traffic forecast; no plan of local pick-up and delivery; no situs of Florida terminals which the applicant stated it would establish; no estimate of the capital required; and no showing of economic feasibility. Most importantly, while arguing that Ryder's service was inadequate, it held out no positive evidence that its own proposed service would be any more adequate.

■ As to the criteria utilized by the Commission, the plaintiff has failed to demonstrate conclusively that the Commission has departed from its basic criteria and precedents in the denial of its application. While it argues that a different set was applied here and in three cases cited in its brief, the court disagrees, and in so doing notes that Removal of Truck Load Lot Restrictions, 106 M.C. C. 445, was an exercise of rule-making authority and, therefore, different standards and requirements are applicable. Even if it did depart from its precedents,

or if it has changed them since, this would not be a basis for annulling the order. See, Virginian Ry. Co. v. United States, 272 U.S. 658, 47 S.Ct. 110, 71 L.Ed. 857; United Van Lines, Inc. v. United States, D.C., 266 F.Supp. 586, 589, and cases cited therein,

In the Pan American Bus Lines Operations case, 1 M.C.C. 180, the Commission stated:

"The question, in substance, is whether the new operation or service will serve a useful purpose, responsive to a public demand or need; whether this purpose can and will be served as well by existing lines or carriers; and whether it can be served by applicant with the new operation or service proposed without endangering or impairing the operations of existing carriers contrary to the public interest."

The decision of the Commission herein clearly uses this rather old and well established criteria in testing the plaintiff's application. It found that the application did not measure up, in view of the Ryder service and in view of the shapeless nature of the proposal itself.

Having fully considered the record as a whole in conformance with the Administrative Procedure Act and the Interstate Commerce Act, the court is of the opinion that the decision of the Commission must be upheld as being in conformance with the law and supported by substantial evidence on the whole record.

This memorandum opinion shall constitute the court's findings of fact and conclusions of law, pursuant to the provisions of Rule 52 of the Federal Rules of Civil Procedure.

It is ordered and adjudged that the relief prayed for in the complaint be denied and that the complaint be dismissed. Costs will be taxed against the plaintiff.

The clerk will prepare and enter the proper order in conformance with this opinion.