**HEAVY-SPECIALIZED CARRIERS CONFERENCE OF the AMERICAN TRUCKING ASSOCIATION, Inc., et al.,**

**v.**

**UNITED STATES of America and The Interstate Commerce Commission**

**and**

**Schreiber Trucking Co., Inc., Ces Truck Lines, Inc., Regular Common Carrier Conference of American Trucking Assns., Inc., and Pittsburgh Plate Glass Company (Intervening Defts.).**

No. 63 C 429(2).

United States District Court
E. D. Missouri, E. D.

July 22, 1964.

Ernest A. Brooks, II, St. Louis, Mo., for plaintiffs.

Wm. H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Richard D. Fitz-Gibbon, Jr., U. S. Atty., St. Louis, Mo., for defendant United States.

Robert W. Ginnane, Gen. Counsel, and Clarence Wm. Vandergrift, Atty., I. C. C., Washington, D. C., for defendant Interstate Commerce Commission.

Gregory M. Rebman, LaTourette & Rebman, St. Louis, Mo., Roland Rice and John C. Bradley, Washington, D. C., for intervening defendants Schreiber Trucking Co. and others.

LaTourette & Rebman, St. Louis, Mo., Samuel P. Delisi, John A. Vuono, Richard C. Packard, Asst. Counsel, Pittsburgh Plate Glass Co., Pittsburgh, Pa., for intervening defendant Pittsburgh Plate Glass Co.

Before MATTHES, Circuit Judge, and MEREDITH and REGAN, District Judges.

## PER CURIAM.

This is an action: (1) to enjoin, annul and set aside orders of the Interstate Commerce Commission, dated July 20, 1962, and March 15, 1963, issued in Docket No. MC–C–2791, Schreiber Trucking Co., Inc.—Investigation of Operations, wherein the ICC found that the transportation of electrical transformers and plate glass in drop frame, open trailer between certain points, in the manner more particularly described, does not exceed the scope of Schreiber's authority and is not in violation of §§ 206(a) and 208(a) of the Interstate Commerce Act, and that the investigation proceedings be discontinued; (2) to compel action by the ICC unlawfully withheld in the investigation into the operations of Schreiber Trucking Co., Inc., instituted under § 204(c) and § 212(a) of the Interstate Commerce Act, by order of the Interstate Commerce Commission entered February 18, 1960, in Docket No. MC–C–2791, Schreiber Trucking Co., Inc.—Investigation of Operations, in which order the ICC instituted an investigation to determine if this was a violation of the Act and of the terms of Schreiber's certificate.

The certificate of Schreiber under consideration in this action authorized Schreiber to transport general commodities with certain exceptions, including

the restriction against the transportation of commodities which because of their size or weight require the use of special equipment.

In accordance with the provision of the Interstate Commerce Act, 49 U.S.C.A. §§ 17(9), 304(c), 305(g), 306(a), 307(a), 308(a) and 312(a), plaintiffs proceed for review. Jurisdiction of the subject matter and the parties is present under 28 U.S.C.A. §§ 1336, 1398, 2284 and 2321 through 2325 and 5 U.S.C.A. § 1009.

This proceeding started by order of the ICC February 18, 1960, and an initial recommended report and order was made to the ICC by an examiner that the transportation violated the Act and exceeded the authority granted Schreiber. This recommendation was made upon an agreed statement of facts and without oral hearing. After the initial report of the examiner was filed, the ICC permitted a number of general commodity carriers and the plaintiff herein to intervene.

The matter was reopened for oral hearing and assigned to the same examiner.

The second recommended report and order of the examiner held that the transportation was not a violation and that the proceedings be discontinued. This report was adopted by the ICC on July 20, 1962, and plaintiff's petition for reconsideration was denied March 15, 1963.

The question presented for this Court is whether or not the orders of the ICC are erroneous, arbitrary, or capricious, and based upon adequate findings supported by substantial evidence, in accordance with the law.

■ The scope of judicial review is narrow and we cannot substitute our own view for that of the ICC, if its view is supported by substantial evidence and is not arbitrary or capricious. United States v. Pierce Auto Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420; Rochester Tel. Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; Mississippi Valley Barge Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260.

■ The interpretation of a certificate issued by the ICC is properly with the ICC and not the courts. Service Storage & Transfer Co. v. Commonwealth of Virginia, 359 U.S. 171, 79 S.Ct. 714, 3 L.Ed. 2d 717; Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484; Malone Freight Lines, Inc. v. United States, 107 F.Supp. 946 (N.D.Ala.1952), aff'd 344 U.S. 925, 73 S.Ct. 496, 97 L.Ed. 712.

A careful consideration of the transcript of the hearing before the ICC amply supports the finding that drop framed trailers per se are not special equipment. They have been in widespread use for the past thirty years by many general commodity carriers throughout the country. The record supports the finding in the instant situation that the commodities involved are not those requiring the use of special equipment.

■ The ICC relies on National Automobile Transportation Assn. v. Rowe Transfer, 64 M.C.C. 229 (1955), which held that even though the commodity may require special equipment for loading or unloading, if only ordinary vehicular equipment for over-the-road movement is required, then the transportation of such commodity is within the authority of a general commodity carrier having the special equipment exception, provided the loading and unloading is performed by the consignor and the consignee.

The ICC found in the present case that the consignor and consignee did the loading and unloading, therefore, the main question the ICC had to decide was whether the commodities were shipped on "ordinary vehicular equipment".

The plaintiffs contend that Heavy Specialized Carriers Section v. Wilson Freight Forwarding Co., 79 M.C.C. 572 (1959) is controlling on whether the commodities were shipped on "ordinary ve-

hicular equipment". In the Wilson case the ICC held that lowboy trailers are special equipment.

The ICC, in the hearing below, distinguished drop-frame trailers from lowboy trailers and other special equipment. The evidence reveals a marked difference in the structural design, cost and load-carrying capacity of the drop-frame trailer and the lowboy trailer. The ICC recognized improvements in the equipment design as a necessary development for better handling methods, more economical transportation, and safer methods of transportation. The ICC concluded that "drop-frame trailers per se are not special equipment", and that the use of drop-frame trailers in this case does not constitute shipment by special equipment.

The Court finds the conclusion of the ICC is supported by substantial evidence and that their action is not erroneous, arbitrary or capricious. Accordingly, the decision of the Interstate Commerce Commission will be affirmed.