# SEABOARD AIR LINE RAILROAD CO. ET AL. *v.* UNITED STATES ET AL.

No. 425. Decided November 22, 1965.*

*Paul A. Porter, Dennis G. Lyons, Harold J. Gallagher, Walter H. Brown, Jr., Richard A. Hollander, Edwin H. Burgess, Prime F. Osborn, Albert B. Russ, Jr.,* and *Phil C. Beverly* for appellants in No. 425. *Robert W. Ginnane* and *Fritz R. Kahn* for appellant in No. 555.

*Solicitor General Marshall, Assistant Attorney General Turner* and *Lionel Kestenbaum* for the United States. *A. Alvis Layne* and *Fred H. Kent* for Florida East Coast

---

*Together with No. 555, *Interstate Commerce Commission* v. *Florida East Coast Railway Co. et al.,* also on appeal from the same court.

Railway Co., *W. Graham Claytor, Jr.*, for Southern Railway Co., and *Edward J. Hickey, Jr.*, and *William G. Mahoney* for Railway Labor Executives' Association, appellees.

PER CURIAM.

Atlantic Coast Line Railroad Company and Seaboard Air Line Railroad Company filed with the Interstate Commerce Commission an application for authority to merge. In the administrative proceedings, the applicants contended that the merger would enable them to lower operating costs, improve service, and eliminate duplicate facilities; other carriers opposed the merger on the ground that it would have adverse competitive effects; and the Department of Justice contended that the merger would create a rail monopoly in central and western Florida.

The Commission approved the merger, subject to routing and gateway conditions to protect competing railroads. It recognized that the merger would eliminate competition and create a rail monopoly in parts of Florida. But it found that the merged lines carried only a small part of the total traffic in the area involved; that ample rail competition would remain therein; and that the reduction in competition would "have no appreciably injurious effect upon shippers and communities." *Seaboard Air Line Railroad Co.*, 320 I. C. C. 122, 167. In addition, the Commission noted that the need to preserve intramodal rail competition had diminished, due to the fact that railroads were increasingly losing traffic to truck, water, and other modes of competition.

A three-judge District Court set aside the order and remanded the case to the Commission for further proceedings. It concluded that the Commission's analysis of the competitive effects of the merger was fatally defective because the Commission had not determined whether

the merger violated § 7 of the Clayton Act, 38 Stat. 731, 15 U. S. C. § 18 (1964 ed.), by reference to the relevant product and geographic markets. By thus disposing of the case, the District Court did not reach the ultimate question whether the merger would be consistent with the public interest despite the foreseeable injury to competition.[1]

We believe that the District Court erred in its interpretation of the directions this Court set forth in *McLean Trucking Co.* v. *United States,* 321 U. S. 67 (1944), and *Minneapolis & St. Louis R. Co.* v. *United States,* 361 U. S. 173 (1959). As we said in *Minneapolis,* at 186:

> "Although § 5 (11) does not authorize the Commission to 'ignore' the antitrust laws, *McLean Trucking Co.* v. *United States,* 321 U. S. 67, 80, there can be 'little doubt that the Commission is not to measure proposals for [acquisitions] by the standards of the antitrust laws.' 321 U. S., at 85–86. The problem is one of accommodation of § 5 (2) and the antitrust legislation. The Commission remains obligated to 'estimate the scope and appraise the effects of the curtailment of competition which will result from the proposed [acquisition] and consider them along with the advantages of improved service [and other matters in the public interest] to determine whether the [acquisition] will assist in effectuating the over-all transportation policy.' 321 U. S., at 87."

The same criteria should be applied here to the proposed merger. It matters not that the merger might

---

[1] It expressly declined to consider two further issues, *i. e.,* whether the Commission's labor-protection conditions were adequate and whether control of the merged company by the Mercantile-Safe Deposit and Trust Company would be consistent with the public interest.

otherwise violate the antitrust laws; the Commission has been authorized by the Congress to approve the merger of railroads if it makes adequate findings in accordance with the criteria quoted above that such a merger would be "consistent with the public interest." 54 Stat. 906, 49 U. S. C. § 5 (2)(b) (1964 ed.).

Whether the Commission has confined itself within the statutory limits upon its discretion and has based its findings on substantial evidence are questions for the trial court in the first instance, *United States* v. *Great Northern R. Co.*, 343 U. S. 562, 578 (1952), and we indicate no opinion on the same. We therefore vacate the judgment of the District Court and remand the case to it for a full review of the administrative order and findings pursuant to the standards enunciated by this Court.

*Vacated and remanded.*

MR. JUSTICE FORTAS took no part in the consideration or decision of these cases.