GATEWAY TRANSPORTATION COMPANY, Inc., Central Wisconsin Motor Transport Co., Inc., Olson Transportation Company, and Clairmont Transfer Company, Plaintiffs,

v.

UNITED STATES of America and the Interstate Commerce Commission, Defendants,

and

Schneider Transport & Storage, Inc., Intervening Defendant.

Civ. A. No. C–65–113.

United States District Court
W. D. Wisconsin.

Oct. 27, 1966.

Adolph Bieberstein, Madison, Wis., for plaintiffs.

Edmund A. Nix, U. S. Atty., John E. Clarke, Asst. U. S. Atty., Madison, Wis., Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Robert W. Ginnane, Gen. Counsel, Raymond Zimmet, Assoc. Gen. Counsel, Thomas H. Ploss, Atty., Interstate Commerce Commission, Washington, D. C., for defendants.

Edward Solie, Madison, Wis., Charles W. Singer, Chicago, Ill., for intervening defendant.

Before DUFFY, Senior Circuit Judge, GRUBB, Senior District Judge, and DOYLE, District Judge.

GRUBB, Senior District Judge.

This is an action under Sections 1336, 1398, 2284 and 2321–2325, Title 28 U.S. C.A., to vacate and enjoin enforcement of an order of the Interstate Commerce Commission, Division 3, Acting as an Appellate Division, decided June 25, 1965, in its Finance Docket No. MC–F–8570. The order complained of sustained the findings of the Commission, Finance Review Board, in its report and order, dated March 11, 1965, in Schneider Transport & Storage, Inc., Control and Merger,—Packer City Transit Line, Inc., reported at 101 M.C.C. 39 (1965).

The order approves the acquisition by Schneider Transport & Storage, Inc. (hereinafter referred to as "Schneider" or "vendee") of Packer City Transit Line, Inc. (hereinafter referred to as "Packer City" or "vendor")[1] and merger of

---

1. By application filed October 7, 1963, authority was sought for the acquisition by Schneider Transport & Storage, Inc. of control of Packer City Transit Line, Inc., through purchase of its outstanding capital stock; for the merger into the former of the operating rights and property of the latter for ownership, management, and operation; and for the acquisition by Al J. Schneider, Agnes Schneider, and Donald J. Schneider of control of the operating rights and property through the transaction.

their respective operating rights [2] under Section 5 of the Interstate Commerce Act, Section 5, Title 49 U.S.C.A.

Plaintiffs are motor common carriers who are authorized to transport paper and paper products from origin points in Wisconsin to destination points in Illinois or Iowa similar to those which would be served by the merged Schneider and Packer City operations authorized by the Commission. They challenge approval of the merged authorities which would combine—without imposition of a tacking restriction—at their common point of DePere, Wisconsin, Schneider's previously held authority to transport paper and paper products from the Wisconsin points of Peshtigo, Port Edwards (which includes Nekoosa and Wisconsin Rapids), Kaukauna (which includes Kimberly), Appleton, Neenah, and Menasha, with the Packer City authority to transport the same commodities from DePere to all of Illinois and the eastern half of Iowa. A tacking restriction would pro-

hibit the single line movement of paper and paper products from Schneider origin points to Packer City destination points. Such movements would require joint line service by Schneider and other authorized carriers.

Plaintiffs contend that the record contains no substantial evidence to support a finding that either Schneider or Packer City had participated in paper commerce from and to the points involved. They claim that consistency with the public interest, a condition for approval of operational mergers incidental to acquisitions under Section 5(2) (a) and (b) of the Act, Section 5(2) (a) and (b), Title 49 U.S.C.A.[3] would require a showing of public need—not made in this case—for reactivation of dormant rights.

Review of the record discloses that Packer City transported numerous shipments of paper and paper products and other commodities by single line service to and from Shawano and the DePere area to Illinois and Iowa. Further, Pack-

2. Schneider operates as a motor common carrier, over regular routes, of canned or prepared foodstuffs, from Milwaukee, Wisconsin, to Green Bay, Wisconsin, serving no intermediate points, and, over irregular routes, of (a) paper and paper products, between Port Edwards, Peshtigo, Green Bay, DePere, Kaukauna, Appleton, Menasha, Neenah, and Milwaukee, Wisconsin, (b) paper and paper articles from Manitowoc, Wisconsin, to Menominee, Michigan, and (c) wet lapwood pulp, *including ground pulp*, sanitary paper tissues moving in parent rolls, and materials, equipment, and supplies used in the manufacture of those commodities, between Cheboygan, Michigan, and Green Bay, Wisconsin.

Packer operates as a motor common carrier, in interstate or foreign commerce, pursuant to certificates issued in Nos. MC–123400 and MC–123400 (Sub-No. 1) of various specifed commodities, over irregular routes, including those detailed in the opinion.

3. "§ 5, par. (2). *Unifications, mergers, and acquisitions of control.* (a) It shall be lawful, with the approval and authorization of the Commission, as provided in subdivision (b) of this paragraph—

"(i) for two or more carriers to consolidate or merge their properties or

franchises, or any part thereof, into one corporation for the ownership, management, and operation of the properties theretofore in separate ownership; or for any carrier, or two or more carriers jointly to purchase, lease, or contract to operate the properties, or any part thereof, of another; or for any carrier, or two or more carriers jointly, to acquire control of another through ownership of its stock or otherwise; or for a person which is not a carrier to acquire control of two or more carriers through ownership of their stock or otherwise; or for a person which is not a carrier and which has control of one or more carriers to acquire control of another carrier through ownership of its stock or otherwise; or * * *

"(b) * * * If the Commission finds that, subject to such terms and conditions and such modifications as it shall find to be just and reasonable, the proposed transaction is within the scope of subdivision (a) of this paragraph and will be consistent with the public interest, it shall enter an order approving and authorizing such transaction, upon the terms and conditions, and with the modifications, so found to be just and reasonable: * * *"

er City participated in a limited number of interline shipments of paper and paper products originating at Appleton, Menasha, and Neenah, Wisconsin, destined for points in Illinois and the eastern half of Iowa by interlining with another carrier, Mrs. Harry H. Long, doing business as Harry H. Long Moving and Storage (hereinafter referred to as "Long"), the originating carrier. Long's movements in these shipments were by lease of equipment and driver of Packer City. Seven of the shipments took place before negotiations commenced between Schneider and Packer City on May 1, 1963; twelve occurred during the subsequent period, prior to date of execution of the contract between these parties on July 29, 1963; and eight in the period between date of contract and assumption of control by Schneider in November 1963.[4]

Although the documentary proof concerning the lease arrangements with Long and the interline shipments in question may be open to question, other evidence suffices to establish that Packer City utilized its rights. Representatives of plaintiffs testified to their personal knowledge of the Long-Packer City interline service. They considered Packer City a competitor in the paper and paper product traffic.

■ Activity under rights does not require a showing that the carrier served all points within its authority. Black Ball Freight Service v. United States, 223 F.Supp. 191, 196 (S.D.Idaho 1963); and see, United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 480, 481, 62 S.Ct. 722, 86 L.Ed. 971 (1942).

■ There is substantial evidence of record that Packer City utilized its rights. The Commission, not the court, passes on the credibility of the evidence and the weight to be accorded thereto. Alabama Highway Express, Inc. v. United States, 241 F.Supp. 290, 295 (N.D.

Ala.1965), aff'd 382 U.S. 106, 86 S.Ct. 255, 15 L.Ed.2d 190. Whether or not this evidence constitutes a sufficient showing of activity under all the circumstances of the case is a question for the particular knowledge and expertise of the Commission which has wide discretion in the determination of consistency with the public interest under Section 5 of the Act, Section 5, Title 49 U.S.C.A. McLean Trucking Co. v. United States, 321 U.S. 67, 87, 64 S.Ct. 370, 88 L.Ed. 544 (1944); Ratner v. United States, 162 F.Supp. 518 (S.D.Ill.1957) aff'd 356 U.S. 368, 78 S.Ct. 913, 2 L.Ed.2d 842.

■ Plaintiffs contend that approval of the acquisition without imposition of a restriction against tacking would have a material, adverse effect on their competitive status. They admit that they have been subject to the competition of the Long-Packer City interline service in the past. If a tacking restriction were imposed, they would still face the competition of Schneider interline service together with another authorized carrier. The record shows no probative evidence from which it may be concluded that substitution of single line for joint line service would cause additional injury to plaintiffs. The Commission took note of the capacities, operations, and competitive position of plaintiffs and concluded that they would be well able to stand any augmented competition that might result from the acquisition and unrestricted combination of operating rights.

■ Orders of the Commission may not be set aside by reviewing courts if they are within the Commission's statutory powers and are supported by substantial evidence. Schultz v. United States, 59 F.Supp. 338, 341 (W.D.Wis. 1945); McLean Trucking Co. v. United States, 321 U.S. 67, 87, 88, 64 S.Ct. 370, 88 L.Ed. 544 (1944); and see, Seaboard Air Line Railroad Co. v. United States,

---

4. By order of the Commission, Finance Board No. 1, dated October 29 and November 15, 1963, Schneider was granted temporary authority pursuant to the provisions of Section 210a(b) of the Act, Section 310a(b), Title 49 U.S.C.A., to control Packer City. Such management was assumed on November 20, 1963.

382 U.S. 154, 157, 86 S.Ct. 277, 15 L.Ed. 2d 223 (1965). Plaintiffs have failed to show that the Commission abused its discretion in the determination that the transaction was consistent with the public interest.

The order of the Commission is hereby approved.