**TRUCK TRANSPORT, INCORPO-RATED, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants, and Slay Transportation Co., Inc., and Kreider Truck Service, Inc., Intervenors.**

**No. 68 C 96(1).**

United States District Court
E. D. Missouri, E. D.

May 9, 1969.

James L. Hawkins, of Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., and Thos. F. Kilroy, Kilroy & Sullivan, Washington, D. C., for plaintiff.

John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Veryl L. Riddle, U. S. Atty., St. Louis, Mo., Robt. W. Ginnane, Gen. Counsel and Barry Roberts, Atty., I. C. C., Washington, D. C., for defendants the United States and I. C. C.

Paul J. Simon, St. Louis, Mo., for intervenor Slay Transportation Co.

Ernest A. Brooks, II, St. Louis, Mo., for intervenor Krieder Truck Service, Inc.

Before MATTHES, Circuit Judge, and HARPER and MEREDITH, District Judges.

## MEMORANDUM OPINION

HARPER, District Judge.

This is an action by the plaintiff herein to set aside, vacate and annul certain orders of the defendant, Interstate Commerce Commission (ICC), and to remand the proceedings to said ICC for further consideration.

Jurisdiction is based upon 28 U.S.C.A. §§ 1336, 1398, 2284 and 2321–2325. Pursuant to 28 U.S.C.A. § 2325 a three-judge district court was convened and the matter was presented thereto.

The order questioned in the instant case was handed down by the ICC, Operating Rights Review Board No. 2, on May 16, 1967, and served on May 22, 1967, in Docket No. MC–113325, Slay Transportation Co., Inc., Extension—Madison County, Ill., which order and decision is reported at 106 M.C.C. 872. Further, the plaintiff questions the order of the Commission of December 28, 1967, which denied consolidation of Slay's Sub-No. 46 Application with the plaintiff's Sub-No. 140 and Sub-No. 188 Applications.

On June 28, 1965, Slay filed application with the ICC seeking an extension of its authority to operate as a common carrier by motor vehicle over irregular routes carrying lime and limestone products, dry, in bulk from Mosher, Missouri, to points in Madison County, Illinois.

Protests were duly filed and the application was referred to Joint Board 135 for hearing. After hearing, that Board by its report and order of January 5, 1967, recommended denial of the application. Slay duly excepted. The Commission thereafter, on consideration of the exceptions and the replies thereto, served its order here complained of authorizing the issuance of the certificate of public convenience and necessity to Slay, allowing Slay to transport lime and limestone products from Mosher, Missouri, to points in Madison County, Illinois. As noted by the Commission in its order, the plaintiff in its Sub-No. 188 Application had been granted identical authority by Division 3. This application as well as the Sub-No. 140 Application of plaintiff were ultimately denied by the Commission and are now on appeal, being Cause No. 69C 21 (3).

In reviewing this Order, the court is guided by the Administrative

Procedure Act, 5 U.S.C.A. § 1009(e). The scope of our review of the Commission's order is limited to a determination, upon the whole record, of whether the Commission's findings are supported by substantial evidence, or whether its findings and conclusions were induced by misapplication of the law. In other words, if the Commission's findings are supported by substantial evidence and are in accordance with the law, they must be upheld. See, e. g., I. C. C. v. Louisville & N. R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Consolo v. F.M.C., 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131; Illinois Central R. R. Co. v. Norfolk & Western Ry. Co., 385 U.S. 57, 66, 87 S.Ct. 255, 17 L.Ed.2d 162; Chicago, Rock Island & Pacific R. R. v. United States, D.C., 233 F.Supp. 381; Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260; United Van Lines, Inc. v. United States, D.C., 266 F.Supp. 586; Sloan's Moving & Storage Co. v. United States, D.C., 208 F.Supp. 567, aff'd 374 U.S. 95, 83 S.Ct. 1687, 10 L.Ed.2d 1026.

The first point to be considered is the plaintiff's allegation that the Commission erred in failing to consolidate the applications of plaintiff with those of Slay. In attacking this decision, plaintiff alleges that the order was arbitrary and capricious. However, plaintiff fails to cite any authority for its proposition.

█ First, the evidence indicates that the Ashbacker Doctrine (Ashbacker Radio Corp. v. F. C. C., 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108) is not applicable to the instant case. The applications of plaintiff and Slay were not and are not mutually exclusive. In fact, when the Commission authorized the issuance of the certificate to Slay, by its Division 3 it had already approved an identical grant to plaintiff.

Second, plaintiff, although having knowledge of all relevant facts concerning both applications, did not itself request such consolidation until August 21, 1967, some three months after Slay's approval and after its Sub-No. 188 Application was dismissed. Thus, plaintiff was content with the separate proceedings until such time as it first appeared that its own position was in actual jeopardy.

Third, this point of error, in spite of its apparent lack of merit, is more properly urged in plaintiff's Case No. 69C 21(3), in that this particular order of the Commission was made pursuant to plaintiff's motions in its own applications.

The court is, therefore, of the opinion that this point urged is without merit. The Commission's denial was within their discretion, which was not exercised in an arbitrary or capricious manner under the facts and circumstances then and there existing. The court feels compelled to also note that plaintiff's hearing was originally set immediately following that of the applicant here, Slay, and that plaintiff's own action in requesting a continuance, which was granted, prevented what would have in fact resulted in mutual consideration.

The sole question now before the court is whether the Commission's decision is rational, in accordance with the law, and based upon adequate findings supported by substantial evidence on the whole record.

Of particular interest to this decision is section 207(a) of the Interstate Commerce Act, 49 U.S.C.A. § 307(a) which specifically provides the Commission shall issue a certificate to a qualified applicant upon findings that "the proposed service * * * is or will be required by the present or future public convenience and necessity * * *."

█ Hence, it is clear that Congress has specifically provided that the Commission can and indeed must in some cases, base its decision on the basis of what will be required in the future. Such a decision is particularly within the expertise of the Commission, and indeed, in instances in which the future transportation needs are unclear, granting additional authority in order to clarify the situation and provide an assured transport base is both within the power of the Commission and in the furtherance of the national policy as expressed by

Congress. See, e. g., United States v. Detroit & Cleveland Navigation Co. 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38; I. C. C. v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051; United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; Younger Bros., Inc. v. United States, D.C., 238 F.Supp. 859; Younger Bros., Inc. v. United States, D.C., 289 F.Supp. 545.

The Commission in the instant case based its decision on two points: First, the future need in the Madison County area, and second, on the competitive situation. The evidence clearly supports the findings of the Commission which are in accord with the applicable law.

The evidence in the record shows that Kreider was the only carrier with authority to serve Madison County, Illinois, with lime and limestone products from the plant at Mosher, Missouri. At the time that the application was filed the Granite City Steel Company was in the process of modernizing its facility. As a result of this modernization, its use of lime and limestone products would increase some fifteen to twentyfold. Its existing plant, however, utilized rail service exclusively, except for April of 1966, during which time a rail strike necessitated use of Kreider's service. As stated by Granite City's witness, the reason for this was twofold: First, the train rates were lower, and second, the existing plant was not equipped to handle truck transport without additional handling. Thus, truck transport was not economically feasible. The new plant was being designed to specifically accommodate truck traffic. Further, the witness testified that the rates were almost comparable at the time of the hearing. Considering the prospective increase of some fifteen to twenty times in lime usage, the closeness of the rates, the existence of only one truck carrier (whose ability to perform would have been severely taxed), the past history of rail-car shortage, and the time differential of about three and one-half days between truck and rail transport, the Commission rationally, and consistent with the evidence and in the furtherance of the national transportation policy expressed by Congress, could and did grant the authority requested. (Slay, of course, was adequately qualified in all other respects required and the evidence supports this finding.)

 The substantial evidence and legitimate inferences drawn from that evidence by the Commission, it being the Commission's province to draw such inferences (see, Chicago & E. I. R. R. Co., v. United States, D.C., 107 F.Supp. 118, aff'd 344 U.S. 917, 73 S.Ct. 346, 97 L.Ed. 707; Norfolk Southern Bus Corp. v. United States, D.C., 96 F.Supp. 765, aff'd 340 U.S. 802, 71 S.Ct. 68, 95 L.Ed. 590), support the findings and conclusions made by said Commission in determining that in view of the competitive situation which would be created, real substantial future public convenience and necessity warranted the granting of the application.

Plaintiff's allegations to the contrary in fact deal with the weight given to the evidence in the record and the conclusions drawn therefrom. Since there is substantial evidence to support the Commission and since the realities of the situation compel a finding that the decision was rational, the plaintiff's requested relief must be denied and judgment entered for the defendants herein.

This memorandum opinion shall constitute the court's findings of fact and conclusions of law, pursuant to the provisions of Rule 52 of the Federal Rules of Civil Procedure.

It is ordered and adjudged that the relief prayed for in the complaint be denied and that the complaint be dismissed. Costs will be taxed against the plaintiff.

The clerk will prepare and enter the proper order in conformance with this opinion.