**WESTERN TRUCKING COMPANY,**
**Plaintiff,**

**v.**

**UNITED STATES** of America and Interstate Commerce Commission, Defendants,

Anderson Motor Service, Inc. and Lucas Motor Express, Inc. (Intervenors).

**No. 69 C 116.**

United States District Court,
E. D. Missouri, E. D.

April 9, 1970.

Thomas F. Kilroy, Arlington, Va., Greensfelder, Hamker, Wiese, Gale & Chappelow, St. Louis, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., John M. Mitchell, Atty. Gen., Richard W. McLaren, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., for United States.

Robert W. Ginanne, General Counsel, I. C. C., Philip W. Getts, Atty., I. C. C., Washington, D. C., G. M. Rebman, St. Louis, Mo., and James W. Wrape, Memphis, Tenn., for intervenors.

Before MATTHES, Circuit Judge, and HARPER and REGAN, District Judges.

## MEMORANDUM OPINION

HARPER, District Judge.

This action seeks a review by a three-judge statutory court of an order of the Interstate Commerce Commission (Commission) entered in a proceeding before it entitled Anderson Motor Lines, Inc.— Control and Merger—Lucas Motor Express, Inc., Docket No. MC–F–10056. The order in question permitted Anderson Motor Lines, Inc. (Anderson) to acquire Lucas Motor Express, Inc. (Lucas) pursuant to Section 5 of the Interstate Commerce Act (49 U.S.C.A. § 5).

Jurisdiction is based upon 28 U.S.C.A. §§ 1336, 1398, 2284, 2321–2325 and 5 U.S.C.A. § 1009, and was invoked by a complaint filed April 11, 1969. Pursuant to 28 U.S.C.A. § 2325, the matter was presented to and decided by a three-judge district court. The United States was named as a party defendant as required by 28 U.S.C.A. § 2322. Anderson and Lucas are intervening defendants.

By joint application filed with the Commission, intervenors sought approval for Anderson to acquire control of Lucas through purchase of its outstanding capital stock and to merge the oper-ating rights and properties of the latter into the former. Plaintiff and one other carrier opposed the application. Plaintiff contended that the approval would result in the institution of an unwarranted competitive motor carrier service between St. Louis, Missouri, and Cincinnati, Ohio; and certain intermediate points between Cincinnati and Indianapolis, Indiana. The case was heard by the Commission under its "modified procedure". All evidence was submitted in documentary form, and no oral hearings were held. On December 24, 1968, the Commission, by Review Board No. 5, served its Report and Order approving the application. Plaintiff's petition for reconsideration was denied March 11, 1969. Thereafter, plaintiff filed the complaint in this action.

Plaintiff in its brief asserts two grounds in support of its challenge to the validity of the Commission's order: (1) The Commission did not afford plaintiff an opportunity to cross-examine witnesses, whose verified statements were filed with the Commission, where there were material facts in dispute; and (2) the Commission's decision is not supported by the record. The parties were heard by the three-judge panel on December 31, 1969. At that time, plaintiff abandoned its contentions with respect to the procedural issue, opportunity to cross-examine. Thus, the only question before the court is whether the Commission properly approved the merger of Anderson and Lucas.

In that connection, Section 5 of the Interstate Commerce Act (49 U.S.C.A. § 5(2)) is pertinent, and provides in part:

"(2) (a) It shall be lawful, with the approval and authorization of the Commission, as provided in subdivision (b)—

"(i) for two or more carriers to consolidate or merge their properties or franchises, or any part thereof, into one corporation for the ownership, management, and operation of the properties theretofore in separate ownership; or for any car-

rier, or two or more carriers jointly, to purchase, lease, or contract to operate the properties, or any part thereof, of another; or for any carrier, or two or more carriers jointly, to acquire control of another through ownership of its stock or otherwise; * * *

"(b) * * * If the Commission finds that, subject to such terms and conditions and such modifications as it shall find to be just and reasonable, the proposed transaction is within the scope of subparagraph (a) and will be consistent with the public interest, it shall enter an order approving and authorizing such transaction, upon the terms and conditions, and with the modifications, so found to be just and reasonable: * * *."

The scope of judicial review in cases such as this is narrow. Review is "limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done." United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 536, 66 S.Ct. 687, 698, 90 L.Ed. 821 (1945). The court does not make findings of fact, but simply determines whether or not the Commission's findings are supported by the evidence. The court does not substitute its opinion for that of the Commission so long as there is substantial evidence in the record to support the Commission's findings. Riss and Co., Inc. v. United States, 100 F.Supp. 468 (W.D.Mo.1951), aff'd 342 U.S. 937, 72 S.Ct. 559, 96 L. Ed. 697, reh. den. 343 U.S. 937, 72 S.Ct. 769, 96 L.Ed. 1344; Anderson Motor Service v. United States, 151 F.Supp. 577 (E.D.Mo.1957). In the *Anderson* case, this court reiterated the accepted rule that if a Commission order lies within its statutory authority and is based upon adequate findings, which in turn are supported by substantial evidence, the order may not be set aside on review. Further, this court specifically recognized and applied the accepted rule of administrative finality in a challenge to a Commission order approving a proposed purchase and merger.

Plaintiff has not challenged the statutory propriety of the Commission's finding that the merger will be consistent with the public interest. Plaintiff contends that the finding is not supported by substantial evidence and that it is inconsistent with other Commission rulings.

As previously indicated, acquisition of control by one carrier of the operating rights of another is permitted only upon approval of the Commission (49 U.S.C. A. § 5(2)). In approving and authorizing such a transaction, the Commission must find that the proposed transaction is consistent with the public interest. The Commission's ultimate finding that Anderson's purchase of Lucas will be consistent with the public interest is based upon numerous subsidiary findings of fact set forth in its report and order.

Anderson is authorized to operate in interstate and foreign commerce, as a motor common carrier of general commodities, with exceptions, over regular routes extending generally between Indianapolis, Indiana, on the one hand, and, on the other, St. Louis, Akron, Cleveland, Toledo and Fort Wayne; and over irregular routes between points within ten miles of Indianapolis and Akron, and between points in the St. Louis commercial zone and St. Louis County.

Lucas is authorized to operate in interstate or foreign commerce, as a motor common carrier of general commodities, with exceptions, over regular routes extending generally between Indianapolis and Cincinnati via Shelbyville and Greensburg and over various routes in Indiana.

Plaintiff has a regular-route, general commodity authority between Cincinnati and St. Louis, and alleges that twenty-two other carriers have such authority. It is here noted that only the plaintiff and one other carrier opposed the application before the Commission.

There is no question as to Anderson's ability to pay the purchase price, nor as to the reasonableness of the proposal.

Also, because of its greater size and resources, Anderson is better able to withstand rising costs of operation and the increased competition, factors which have contributed to Lucas' steadily declining revenues (although Lucas' past operations have been profitable).

■■ While it is true that the Commission will refuse to approve a transfer of operating rights if substantial operations under those rights have not been conducted, it is also true that "substantial" prior operations may be established by showing service to a representative number of authorized points. See, Gateway Transportation Co. v. United States, 260 F.Supp. 248 (W.D.Wis.1966). Here the record supports the Commission's finding that Lucas operated under its rights. The Commission summarized the record and exhibits on pages 9–10 of its Report. In particular, the Commission states:

" * * * The traffic handled, consisting of a variety of commodities, involved interline at either Cincinnati or Indianapolis. Shipments originated at and were destined to points in a number of States, including points in Missouri, Indiana, and Ohio. An additional abstract, covering some 1,380 shipments handled during the period July 1, 1967, through January 31, 1968, reflects interline traffic received by Lucas from Anderson at Indianapolis. The traffic handled consisted of a variety of commodities and originated at and was destined to points in a number of States, including points in Ohio, Indiana, and Missouri. Some shipments moved to or from Cincinnati. A further abstract, covering some 793 shipments handled during the same period, involved interline traffic tendered by Lucas to Anderson at Indianapolis. Such traffic, consisting of a variety of commodities, moved primarily from Shelbyville, Greensburg, Batesville, St. Paul and Osgood, Ind., with one shipment from Cincinnati. Destinations involved points in a number of States including Missouri * * *."

The record clearly justifies the Commission's finding that the rights of Lucas were not dormant.

Similarly, the Commission's finding that no new service will be created by the merger is well-founded. The evidence is not disputed that Anderson and Lucas engaged in several joint-line movements between Cincinnati and St. Louis. The statements of shippers to the effect that the service of Anderson under the unified rights would be to their future benefit is another fact supporting the Commission's finding that the Anderson-Lucas transaction will be consistent with the public interest.

■ Plaintiff contends that the Commission's order is inconsistent with other findings and orders of the Commission based upon similar facts. The courts have many times held that the findings of the Commission may not be attacked because they are inconsistent with findings made in other cases. Anderson Motor Service v. United States, 151 F.Supp. 577, 581 (E.D.Mo.1957), and cases cited therein.

Plaintiff has completely failed to present facts in any degree of particularity as to how or in what manner or in what degree its operations would be harmed by the unrestricted operation by Anderson of the unified rights. Under the circumstances and in view of the lack of evidence in the record, plaintiff's contention that it would be unduly harmed can be accorded little weight.

■ The findings made by the Commission are supported by substantial evidence, and these findings taken as a whole are adequate to sustain the ultimate conclusion that the Anderson and Lucas proposal was consistent with the public interest.

This memorandum opinion shall constitute the court's findings of fact and conclusions of law, pursuant to the provisions of Rule 52 of the Federal Rules of Civil Procedure.

It is ordered and adjudged that the relief prayed for in the complaint be de-

nied and that the complaint be dismissed.

Costs will be taxed against the plaintiff.