SLAY TRANSPORTATION CO., INC.,
and Rogers Cartage Company,
Plaintiffs,

v.

The **UNITED STATES** of America and
the Interstate Commerce Commission,
Defendants,

and

Klipsch Hauling Co., Intervenor-
Defendant.

No. 73 C 534(1).

United States District Court,
E. D. Missouri, E. D.

July 26, 1974.

McBride, Simon & Ruzicka, St. Louis, Mo., Edward G. Baselon, Axelrod, Goodman, Steiner & Bazelon, Chicago, Ill., for plaintiffs.

Thomas E. Kauper, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Donald J. Stohr, U. S. Atty., St. Louis, Mo., Kritz R. Kahn, Gen Counsel, I. C. C., Washington, D. C. (Hanford O'Hara), Ernest A. Brooks, II, St. Louis, Mo., for defendants.

Before WEBSTER, Circuit Judge, and MEREDITH and HARPER, District Judges.

MEREDITH, District Judge.

This is an action to set aside, vacate, and annul certain orders of the Interstate Commerce Commission entered in two of its proceedings: No. MC–82063 (Sub–No. 24), Klipsch Hauling Co., Extension—Liquid Chemicals (Sub–24 proceeding); and No. MC–C–7408, Klipsch Hauling Co.—Investigation and Revocation of Certificates (Investigation proceeding). In the Sub–24 proceeding, the Commission granted a certificate of public convenience and necessity to intervening defendant Klipsch Hauling Co. In the Investigation proceeding, the Commission determined that Klipsch's operations under the authority granted in the Sub–24 proceeding were not in violation of provisions of the Interstate Commerce Act.

Plaintiffs' complaint is that the certificate of public convenience and necessity which was issued to Klipsch in Sub–24 is invalid for the reason that the Commission acted arbitrarily, capriciously, unlawfully, and without evidence to support its orders, and that the certiciate is ambiguous; that the Commission in the interpretation of the certificate and in the Investigation proceedings granted Klipsch authority beyond that originally intended to be granted.

### Background and Prior Proceedings

In March 1969, Klipsch applied to the Commission for authority to haul liquid chemicals from Dupo, Illinois, to Missouri, Illinois, and six other states. The application was supported by various shippers of liquid chemicals and was opposed by several competing carriers, including Slay Transportation Co., Inc., and Rogers Cartage Company. Slay and Rogers have certificates authorizing them to transport liquid chemicals from St. Louis-East St. Louis to a number of the states granted to Klipsch. Rogers also is seeking authority to transport liquid chemicals from Dupo, Illinois, to states granted to Klipsch. Slay and Rogers are concerned that the Klipsch authority would not only permit Klipsch to originate traffic at Dupo, but also at all other points in the St. Louis-East St. Louis commercial zone in which they have authority to transport liquid chemicals. Klipsch has another certificate which authorizes transportation of general commodities (including liquid chemicals) between points in the St. Louis-East St. Louis commercial zone (Sub–23 certificate). Slay and Rogers were concerned that the certificate in Sub–23 could be tacked on to Sub–24 and would permit a complete duplication of the services rendered by both Klipsch and Rogers.

In January 1970, the Commission issued a report and order which granted to Klipsch the following authority:

"*Liquid chemicals,* in bulk

From Dupo, Ill., to points in Missouri, Illinois, Iowa, Indiana, Kentucky, Tennessee, Arkansas, and Kansas, with no transportation for compensation on return except as otherwise authorized.

RESTRICTION: The operations authorized herein are restricted against the transportation of shipments originating at points within the St. Louis, Mo.-East St. Louis, Ill., Commercial Zone, as defined by the Commission, except those points in the latter zone which are also in the Dupo, Ill., Commercial Zone, as defined by the Commission."

In June 1970, the Commission denied petitions by Slay and others to reconsider the January 1970 decision, thus, the decision became final and Klipsch was issued its certificate of public convenience and necessity in August 1970.

Slay and Rogers, in April 1971, filed an action under 49 U.S.C. 322(b) against Klipsch, alleging that Klipsch was conducting operations in violation of its Sub–24 authority and requesting declaratory and injunctive relief from this court. Slay Transportation Co., et al. v. Klipsch Hauling Co., et al., Civil action No. 71 C 228 A. The Commission intervened as a defendant in this suit

and in August 1971 the court stayed the suit pending a completion of the Investigation proceedings by the Commission heretofore described. After completion of the Investigation proceedings and the filing of the present suit, 71 C 228 A was dismissed.

The Investigation proceeding was commenced in July 1971, and in December 1972 a hearing was held. In January 1973, the Commission Administrative Law Judge issued his report and recommended order, finding that Klipsch's operation was not unlawful. The Judge noted that Klipsch

(1) has originated shipments from points within the Cities of St. Louis, Missouri, and Sauget, Illinois, under its Sub-24 authority;

(2) under 29 C.F.R. 1048.101(c)(2) both the City of St. Louis and the City of Sauget are included in the Dupo commercial zone;

(3) the Sub-24 certificate is not ambiguous and includes Dupo, Illinois, and its entire commercial zone. (The commercial zone of Dupo includes all unincorporated areas within a three-mile distance of Dupo and any city any portion of which is within three miles of Dupo, which includes St. Louis and Sauget.)

(4) the restriction in Sub-24 certificate is not meaningless, since without it Klipsch could originate traffic by tacking its Sub-23 authority to its Sub-24 authority, which includes not only St. Louis and Sauget, but would include all of the St.Louis-East St. Louis commercial zone, which is not now included. The City of Dupo is not included in the St. Louis-East St. Louis commercial zone.

Division One of the Commission affirmed and adopted the report and recommended order of the Administrative Law Judge and discontinued the Investigation proceeding on May 11, 1973.

■ The scope of judicial review of Commission orders is limited; the Commission enjoys wide discretion in matters involving the grant or denial of certificates and the construction of certificates. In Beaufort Transfer Co. v. United States, 324 F.Supp. 649 (E.D. Mo.1971), appeal dismissed, 404 U.S. 806, 92 S.Ct. 66, 30 L.Ed.2d 39 (1971), the district court stated, l.c. 651:

"As we noted in Norfolk & Western Railway Co. v. United States, D.C.Mo., 316 F.Supp. 1396, 1399,

'Judicial review of an I.C.C. order is very limited. Our function is to determine whether the ultimate findings of the Commission are supported by substantial evidence on the whole record and do not involve an error of law. Once it is found that the Commission's findings are supported by substantial evidence and that in arriving at its determination the Commission did not depart from the applicable rules of law, that is the end of the matter. On the other hand, the Commission's order must be reversed if in arriving at its determination the Commission failed to follow the applicable law or if its findings are arbitrary and capricious and have no basis on the record as a whole. Truck Transport, Inc. v. United States, D.C.Mo., 300 F.Supp. 159, 161. "Substantial evidence need not necessarily be a preponderance of evidence. It is sufficient if it is that degree of evidence which would justify, if the trial were to a jury, the refusal to direct the verdict when the conclusion to be drawn is one of fact for a jury." ' "

See also, Slay Transportation Co., Inc. v. United States, 353 F.Supp. 555, 559–560 (E.D.Mo.1973); Western Trucking Co. v. United States, 312 F.Supp. 1288, 1290 (E.D.Mo.1970); Jerry Lipps, Inc. v. I. C. C., 299 F.Supp. 942, 944–945 (E.D. Mo.1969); United Van Lines, Inc. v. United States, 266 F.Supp. 586, 588–589 (E.D.Mo.1967).

■ This Court in *Beaufort,* supra, also dealt with the particular issue of construction of certificates (the issue

present here), where, if anything, the scope of judicial review is even more restricted. As the Court said in *Beaufort*, 324 F.Supp. l.c. 652:

" 'The interpretation of a certificate issued by the ICC is properly with the ICC and not the courts.' Heavy Specialized Carriers Conference v. United States, D.C.Mo., 231 F.Supp. 968, 970. We are bound by the interpretation the Commission places upon a certificate it issues unless such interpretation is capricious or arbitrary and constitutes an abuse of discretion or departs from established legal standards. Jenkins Truck Lines, Inc. v. United States, D.C.Minn., 318 F.Supp. 207. See also Burlington-Chicago Cartage, Inc. v. United States, D.C.Ill., 178 F.Supp. 857, and E. B. Law and Son, Inc. v. United States, D.C.N. Mex., 247 F.Supp. 846, 848."

See also, Service Transfer Co. v. Virginia, 359 U.S. 171, 177–178, 79 S.Ct. 714, 3 L.Ed.2d 717 (1959); Malone Freight Lines, Inc. v. United States, 107 F.Supp. 946, 949 (N.D.Ala.1952), aff'd, 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712 (1953).

■ Moreover, there is a presumption of validity which attaches to an exercise of the Commission's expertise, and ". . . those who would overturn the Commission's judgment undertake 'the heavy burden of making a convincing showing that it is invalid because it is unjust and unreasonable in its consequences.' " Permiam Basin Area Rate Cases, 390 U.S. 747, 767, 88 S.Ct. 1344, 1360, 20 L.Ed.2d 312 (1968). Accord: I.C.C. v. Jersey City, 322 U.S. 503, 512, 64 S.Ct. 1129, 88 L.Ed. 1420 (1944); Federal Power Comm'n v. Hope National Gas Co., 320 U.S. 591, 602, 64 S.Ct. 281, 88 L.Ed. 333 (1944).

*The Commission's Actions are Lawful and Proper*

■ Applying the facts in this case to the law as heretofore set out, the Commission acted properly and lawfully and the issuance of the certificate to Klipsch was supported by substantial evidence. The record shows that at the time the certificate to Klipsch was granted, neither Slay nor Rogers had authority to transport liquid chemicals from Dupo, Illinois. The application of Klipsch was supported by shippers that neither Slay nor Rogers could service.

In putting the restriction on the certificate, while it gave Klipsch authority to originate traffic in the Cities of St. Louis and Sauget, it prevents Klipsch from originating traffic in all of the St. Louis-East St. Louis commercial zone, which Klipsch would have had by tacking its Sub-23 to its Sub-24 authority, had the restriction not been placed in the certificate.

■ A reading of the certificate and the restriction placed therein is plain and unambiguous. The Investigation proceeding shows clearly that Klipsch, by originating traffic at Sauget and St. Louis, was acting within the scope of the certificate previously granted. The Investigation proceeding was properly dismissed.

Accordingly,

It is hereby ordered that the orders of the Interstate Commerce Commission in two of its proceedings: No. MC–82063 (Sub-No. 24), Klipsch Hauling Co., Extension—Liquid Chemicals, granting a certificate of public convenience and necessity to Klipsch; and No. MC–C–7408, Klipsch Hauling Co.—Investigation and Revocation of Certificates, in adopting the report and recommended order of the Administrative Law Judge and discontinuing the Investigation proceeding be and the same are hereby affirmed and this cause is dismissed at the cost of the plaintiffs.