ARROW TRANSPORTATION CO. ET AL. v. CINCIN-
NATI, NEW ORLEANS & TEXAS PACIFIC
RAILWAY CO. ET AL.

No. 544. Decided January 18, 1965.*

*Donald Macleay, Richard M. Freeman, John C. Lovett,
Byron M. Gray, Nuel D. Belnap, A. Alvis Layne, Charles
J. McCarthy* and *Robert H. Marquis* for appellants in
No. 544.

*Robert W. Ginnane, I. K. Hay* and *Betty Jo Christian*
for appellant in No. 545.

*Dean Acheson, Henry P. Sailer* and *W. Graham Claytor,
Jr.,* for Southern Railway System Companies; *John F.
Donelan* and *John M. Cleary* for Southern Governors
Conference et al.; *Elbert R. Leigh* for Louisville & Nash-
ville Railroad Co. et al.; *William A. McClain* and *Edgar
T. Bellinger* for City of Cincinnati, appellees in both
cases.

*Solicitor General Cox, Assistant Attorney General
Orrick* and *Lionel Kestenbaum* filed a memorandum for
the United States in both cases.

*Neil Brooks* filed a memorandum for the Secretary of
Agriculture in both cases.

*Together with No. 545, *Interstate Commerce Commission v. Cin-
cinnati, New Orleans & Texas Pacific Railway Co. et al.,* also on
appeal from the same court.

PER CURIAM.

· These appeals are from a single judgment of a three-judge District Court, 229 F. Supp. 572, which set aside and permanently enjoined the operation, enforcement and execution of the order of the Interstate Commerce Commission, 321 I. C. C. 582, canceling certain rate reductions which had been put into effect by the appellee railroads on the grounds that the new lower rates violated §§ 1 (5) and 3 (1) of the Interstate Commerce Act, 49 U. S. C. §§ 1 (5), 3 (1) (1958 ed.). The judgment of the District Court is vacated and the case is remanded to the District Court with instructions to enter an order remanding the case to the Interstate Commerce Commission for reconsideration by the Commission in light of the District Court's determinations (1) that the Commission's conclusion that § 3 (1) was violated was not supported by adequate findings and (2) that the Commission's conclusion that § 1 (5) was violated was based, at least in part, on its prior conclusion that there was a violation of § 3 (1). See *FPC* v. *Idaho Power Co.*, 344 U. S. 17, 20.

MR. JUSTICE BLACK, MR. JUSTICE STEWART, and MR. JUSTICE WHITE would note probable jurisdiction of these appeals and set them for argument on the merits.