CARL SUBLER TRUCKING, INC., Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants, and

Commercial Carrier Corporation, Wilson Brothers Truck Line, Inc., Gateway Transportation Co., Inc., Ryder Truck Lines, Inc., and Everett Lowrance, Intervener-Defendants.

Civ. A. No. 3616.

United States District Court, S. D. Ohio, W. D.

May 20, 1970.

---

Carroll V. Lewis, Sidney, Ohio, W. T. Croft, J. G. Dail, Jr., Washington, D. C., for plaintiff.

Richard W. McLaren, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., William W. Milligan, U. S. Atty., Columbus, Ohio, for the United States.

Robert W. Ginnane, Gen. Counsel, Phillip W. Getts, Atty., Interstate Commerce Commission, Washington, D. C., for I.C.C.

M. Craig Massey, Lakeland, Fla., for intervening defendants.

Before PECK, Circuit Judge, and WEINMAN and PORTER, District Judges.

## OPINION AND ORDER

WEINMAN, District Judge.

This action is brought by plaintiff Carl Subler Trucking, Inc. (Subler) to set aside and have enjoined the following Orders of the Interstate Commerce Commission (Commission):

1) An order of the Commission, Division I, issued February 1, 1963 in a proceeding before the Commission identified as No. MC–116763 (Sub-No. 19) directing plaintiff to show cause why its Sub-No. 19 certificate should not be modified by eliminating therefrom a grant of authority to serve points in Indiana within the Owensboro Commercial Zone.

2) An Order of the Commission issued December 16, 1966 in the same Sub-No. 19 proceeding modifying plaintiff's certificate by eliminating authority to serve points in Indiana within the Owensboro Commercial Zone.

3) An Order of the Commission in the Sub-No. 19 proceeding issued June 26, 1968 determining that the public convenience and necessity did not require plaintiff's proposed operation to serve points in Indiana within the Owensboro Commercial Zone.

4) An Order of the Commission in the Sub-No. 19 proceeding issued October 1, 1968 denying plaintiff's petition to vacate the Commission's June 26, 1968 Order.

5) An Order of the Commission, by Division I, issued December 12, 1968 in a proceeding before the Commission identified as No. MC–116763 (Sub-No. 112) affirming and adopting the Hearing Examiner's report denying plaintiff's Sub-No. 112 application for a certificate of public convenience and necessity to operate from points in Florida, to points in Iowa, Minnesota and Missouri and to Owensboro, Kentucky.

Jurisdiction of this three judge court is invoked and arises under 28 U.S.C. §§ 1336, 1398, 2284, 2321–2325, 49 U.S.C. § 305(g) and 5 U.S.C. § 702.

Plaintiff and the intervening defendants, Commercial Carrier Corporation, Wilson Brothers Truck Line, Inc., Gateway Transportation Co., Inc., Ryder Truck Lines, Inc. and Everett Lowrance, are all common carriers by motor vehicle engaged in the transportation of commodities in interstate commerce pursuant to certificates of public convenience and necessity granted to them by the Commission.

## PROCEEDINGS BEFORE THE COMMISSION

By an application filed October 12, 1961 plaintiff Subler sought a certificate of public convenience and necessity which so far as is relevant sought operating authority in interstate and foreign commerce, as a common carrier by motor vehicle, over irregular routes, of (1) canned goods, from points in Daviess and Hancock Counties, Kentucky, to points in Illinois, Indiana, Iowa, Michigan, Minnesota, Missouri, New York, Ohio, Pennsylvania, Tennessee, West Virginia and Wisconsin.

Notice of the application disclosing plaintiff's request for proposed operation from Daviess and Hancock Counties to points in the twelve states described in the application was published in the Federal Register of November 8, 1961 and at this time the application was assigned for hearing before a Hearing Examiner.

At the hearing before the Hearing Examiner plaintiff proposed an amendment to the original application changing the origin point on the application from Daviess and Hancock Counties, Kentucky to Owensboro, Kentucky. In proposing this amendment plaintiff intended to restrict the origin territory and did not intend to broaden the scope of the original application. The Hearing Examiner approved the territorial amendment without requiring republication of notice in the Federal Register to indicate that the origin point had been changed from Daviess and Hancock Counties, Kentucky, to Owensboro, Kentucky.

The plaintiff also proposed a restriction, not relevant to the present case, to satisfy the objections of Midwest Emery Freight System, Inc. the only carrier to appear in opposition. Upon acceptance of the territorial amendment by the examiner and the further acceptance of the restriction, Midwest Emery withdrew its protest.

The examiner's report served January 3, 1962 recommended, so far as is pertinent, that Subler receive a grant of authority for transportation over irregular routes of:

"Canned goods,

"From Owensboro, Ky. to Kenosha, Milwaukee, and Racine, Wis., and points in Illinois, Iowa, the lower peninsula of Michigan, Minnesota (except Duluth, Minneapolis and St. Paul), that part of Missouri west of U. S. Highway 67 and points in the St. Louis, Mo.-East St. Louis, Ill., Commercial Zone as defined by the Commission, New York (except points in Kings, Queens, Nassau, and Suffolk Counties), Pennsylvania, Ohio and West Virginia, with no transportation for compensation on return except as otherwise authorized."

No exceptions were filed to the recommended grant. The Commissioner did not stay the recommended grant and by notice on January 23, 1962, it became the order of the Commission. On March 6, 1962, a certificate of public convenience and necessity was issued to plaintiff.

The original application sought authority to transport canned goods from points in Daviess and Hancock Counties, Kentucky. The amendment substituting Owensboro, Kentucky as the origin point conferred broader authority because under Interstate Commerce Commission practice the designation of Owensboro as the origin point permitted the utilization of all points within the Owensboro Commercial Zone which included points in Indiana. The plaintiff already held a Sub 10 certificate authorizing it to transport canned fruit and canned fruit juices, not frozen, from Winter Haven,

Lakeland and Lake Wales, Florida to points in Indiana. On or about the time the Sub 19 certificate was issued, plaintiff Subler's tariff compiler suggested that the Sub 10 authority might be tacked to the Sub 19 authority at a point in Indiana within the Owensboro Commercial Zone and that under such combination of authorities plaintiff could perform a through service from Florida origins to points in the Sub 19 destination territory including Minnesota, Missouri and Iowa. A tariff naming rates for such through service was published on March 26, 1962. Sometime in June, 1962 plaintiff received an informal opinion from the Bureau of Motor Carriers that tacking was proper.

Tacking of plaintiff's Sub 19 and Sub 10 certificates would not have been possible had the origin point of the Sub 19 certificate been Daviess and Hancock Counties, as originally requested and noticed in the Federal Register because authority to originate shipments from points in the two county territory would not have authorized utilization of points in Indiana within the Owensboro Commercial Zone.

The intervening defendants Commercial Carrier Corporation, Wilson Brothers Truck Lines, Inc., Gateway Transportation Co., Inc., Ryder Truck Lines, Inc. and Everett Lowrance hold certificates authorizing them to conduct service for the transportation of canned goods from points in Florida to points in Minnesota, Iowa and Missouri.

They received no notice of Subler's authority to conduct through service from points in Florida to destination points in Minnesota, Iowa and Missouri until Subler actually began to conduct a through service in competition with them by combining the authorities under its Sub 19 and Sub 10 certificates. On September 12, 1962 two of the intervening defendants, Commercial Carrier Corp. and Wilson Brothers Truck Lines, Inc., filed a petition seeking to intervene in the Sub 19 proceeding and seeking a restriction of the Sub 19 certificate so

as to prohibit the tacking of that authority with plaintiff's Sub 10 authority.

On February 1, 1963, the Commission Division I, recognizing that the amendment at the hearing substituting Owensboro as the origin point broadened the scope of the application and that the intervening defendants had received no notice of the broadening, ordered Subler to show cause why its Sub 19 certificate should not be modified by eliminating therefrom the grant of authority to serve points in Indiana. This order further provided that the matter of whether any portion of Subler's Sub 19 certificate was issued to Subler improperly and without adequate notice to the intervening defendants be assigned for oral hearing.

A further hearing was held before a Hearing Examiner on January 23, 1964. The Hearing Examiner served a Recommended Report and Order on November 12, 1964 in which he concluded that the certificate having been issued to plaintiff without adequate notice to intervening defendants contrary to the Administrative Procedure Act and the Commission's General Rules of Practice, was inadvertently issued and recommended that the certificate be cancelled and that a corrected certificate eliminating authority to serve points in Indiana should be issued. Upon review, the Commission, Division I issued a Report on July 8, 1965 reversing the Hearing Examiner's Recommendation and refusing to revoke plaintiff's certificate. Division I of the Commission concluded that issuance of plaintiff's certificate without notice to the intervening defendants did not constitute inadvertent issuance authorizing revocation of the certificate.

The intervening defendants filed a motion for reconsideration of the Division Decision. Thereafter, the entire Commission, in Carl Subler Trucking, Inc., Modification of Certificate, 103 M.C.C. 307 (1966) issued an order on December 16, 1966 granting the petition for reconsideration, reversed the conclusions of Division I, cancelled plaintiff's Sub 19 certificate and directed the issuance of a corrected certificate eliminating authority to serve points in Indiana within the Owensboro Commercial Zone. The Commission ordered the publication of a notice in the Federal Register of a proposed operation by plaintiff in the transportation of canned goods from points in Indiana within the Owensboro Commercial Zone to points on the Sub 19 destination territory, disclosing that plaintiff intended to tack its Sub 10 authority in order to provide through service from points in Florida to points in the Sub 19 destination territory. The Sub 19 proceeding was assigned for further hearing on the question of whether the public convenience and necessity required the proposed operation utilizing points in Indiana.

On March 3, 1967 plaintiff filed a Sub 112 application seeking direct authority, by passing the Owensboro gateway, from all points in the Florida citrus belt to all points in Missouri, Iowa and Minnesota. In substance under the Sub 112 application plaintiff sought direct authority to conduct through service from points in the Florida citrus belt to points in Missouri, Iowa and Minnesota without resorting to the challenged tacking operations.

On June 24–25, 1967 the Sub 19 and Sub 112 applications were heard by the Hearing Examiner on a consolidated record together with a Sub 52 application which was withdrawn by plaintiff at the hearing because it was duplicated by the Sub 112 application. Prior to the issuance of the Hearing Examiner's recommended decision and order, the Commission ordered the record before the examiner certified to the Commission and dispensing with the Hearing Examiner's recommended decision and order, the Commission in an order issued June 26, 1968 concluded on the basis of the certified record that the plaintiff failed to establish that the public convenience and necessity required the proposed Sub 19 operation utilizing origin points in Indiana within the Owensboro Commercial

Zone and determined that plaintiff's application as republished in the Federal Register should be denied.

Plaintiff objected to the procedure dispensing with the recommended Hearing Examiner's report in a petition to vacate the June 26, 1968 Commission Order. This petition to vacate was denied by an order issued October 1, 1968.

On August 7, 1968 the Hearing Examiner issued his Recommended Report and Order in the Sub 112 proceeding. The Examiner, noting that the Commission in its report on further hearing on the Sub 19 proceeding had considered the same evidence as was presented in support of the Sub 112 application found that the public convenience and necessity did not require the operation for which authority was sought and denied the Sub 112 application. Division I of the Commission affirmed and adopted the Recommended Report of the Examiner and denied plaintiff's Sub 112 application.

The issues raised in the present case are the following:

(1) Whether the Commission has the authority to modify a certificate of public convenience and necessity where an amendment broadening the scope of the application was incorporated into the certificate without notice to interested carriers.

(2) Whether the omission by the Commission of the Hearing Examiner's Recommended Report following the third hearing in 1967 was contrary to law and prejudicial to plaintiff.

(3) Whether the decision of the Commission denying plaintiff's Sub 112 application contains adequate findings and is supported by substantial evidence on the record as a whole.

In regard to the first issue concerning the authority of the Commission to revoke plaintiff's certificate, plaintiff contends that a certificate may be revoked, in whole or in part, only under the circumstances and in accordance with the procedures established by Section 212 (a) of the Interstate Commerce Act, 49

U.S.C. § 312(a) or because of fraud or misrepresentation in its procurement or inadvertent error in its issuance.

■ The only condition prescribed under Section 212(a) of the Act for revocation or modification of a certificate is "willful failure to comply" with applicable law or a lawful order, rule or regulation of the Commission. Decisions by the Commission and the Courts have recognized that the Commission also has inherent power to correct an obvious injustice by revoking or modifying a certificate on the grounds of fraud or misrepresentation in the procurement or inadvertent issue. Smith Bros. Revocation of Certificate, 33 M.C.C. 465 (1941), 42 M.C.C. 211 (1943); American Trucking Associations, Inc. v. Frisco Transportation Co., 358 U.S. 133, 145–146, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958).

Plaintiff argues that wilful failure to comply, fraud or misrepresentation in procurement and inadvertent issue are the sole grounds for which the Commission can revoke or modify a certificate and that the Commission is without power to revoke a certificate on the ground that the certificate was improperly issued without adequate notice to interested carriers.

■■ The Commission in its Report and Order issued December 16, 1966 rejected plaintiff's contention, holding that its power to correct an obvious injustice was not limited to situations where issuance is the result of fraud, misrepresentation or inadvertence but that it had inherent power to modify a certificate where an amendment broadening the scope of the application was incorporated into the certificate without notice to competing carriers. The Court agrees with the position taken by the Commission.

So far as is pertinent Section 205(e) of the Interstate Commerce Act, 49 U.S.C. § 305(e) provides:

"In accordance with rules prescribed by the Commission, reasonable notice shall be afforded, in connection with any proceeding under this chapter, to

interested parties \* \* \* and opportunity for intervention in any such proceeding for the purpose of making representations to the Commission or for participating in a hearing, if a hearing is held, shall be afforded to all interested parties."

Under the Rules of Practice of the Interstate Commerce Commission notice of the scope of applications for operating authority is given by publication in the Federal Register.

In the present case, an amendment substituting Owensboro, Kentucky as the origin point in plaintiff's Sub 19 application was approved and incorporated into plaintiff's certificate without republication of the amendment in the Federal Register. In proposing the amendment plaintiff intended to restrict the scope of the original application, but in fact the amendment broadened the scope of the application by enabling the plaintiff to initiate a new service—a through service from points in the citrus belt in Florida to points in Missouri, Minnesota and Iowa—which was in direct competition with the service offered by the intervening defendants. Neither the plaintiff nor the Hearing Examiner contemplated that the amendment would broaden the scope of the application. The intervening defendants who did not receive actual or constructive notice of the broadening amendment could not have anticipated that the authority sought by plaintiff would enable it to conduct a through service in competition with them. The lack of proper notice deprived the intervening defendants of their opportunity to seek intervention and appear in opposition to the plaintiff's application.

Under these circumstances the Court declines to adopt the rigid rule urged by plaintiff which would render the Commission powerless to revoke or modify a certificate in cases where a broadening amendment of the application, not contemplated by the applicant or the Hearing Examiner is approved and incorpo-

rated in a certificate without notice to interested competing carriers.

The Court's decision is supported by the case of May Trucking Co. v. United States, 290 F.Supp. 38 (D.Idaho, S.D., 1968) in which the three judge court considering a similar issue held that where the Commission had erroneously issued a certificate to plaintiff granting interstate authority to plaintiff greater than that applied for by plaintiff, and likewise greater than that indicated in the notice of application published in the Federal Register, the Commission had the power to correct its manifest error by cancelling the outstanding certificate issued plaintiff and reissuing a modified certificate granting the operating rights originally applied for by the plaintiff.

The Court concludes that the Commission had the power to cancel plaintiff's certificate and issue a modified certificate and that the Commission correctly exercised such power.

## OMISSION OF THE HEARING EXAMINER'S REPORT

In its 1966 decision the Commission held that plaintiff did not hold valid authority to transport canned goods from points in Indiana within the Owensboro Commercial Zone because there was inadequate notice to interested carriers. The Commission ordered notice published in the Federal Register disclosing that plaintiff sought authority in the Sub 19 application to utilize points in Indiana as points of origin and by tacking its Sub 10 certificate provide through service from points in the citrus belt of Florida to ten midwestern and eastern states including Minnesota, Missouri and Iowa and ordered a further hearing on the question of whether the public convenience and necessity required a grant of authority as disclosed in the notice.

At the hearing before the Hearing Examiner, plaintiff declined to offer additional evidence in support of its Sub 19 application, electing to rely upon its

contention, rejected by this Court, that the Commission lacked power to modify its certificate for want of adequate notice to interested carriers.

On June 28, 1968, without awaiting the submission of a recommended report and order of the Hearing Examiner, the Commission on the basis of the record certified to it, determined that the plaintiff failed to establish that the public convenience and necessity required a grant of authority to transport canned goods from points in Indiana within the Owensboro Commercial Zone.

Plaintiff contends that the omission of the Hearing Examiner's recommended report violates the provisions of § 8(a) of the Administrative Procedure Act, 5 U.S.C. § 557(b) and constitutes reversible error.

Section 8(a) of the Administrative Procedure Act prescribes a general requirement that where an agency makes a decision without having presided at the reception of evidence, the Hearing Examiner shall first recommend a decision. The statute provides that in cases involving the application for an initial license the Hearing Examiner's report "may be omitted in a case in which the agency finds on the record that due and timely execution of its functions imperatively and unavoidably so requires." In this case the Commission found that

> "[S]ince applicant is operating in competition with other carriers under the invalidly issued portion of the Sub. No. 19 certificate, due and timely execution of our functions requires an expeditious determination of the instant phase of the Sub. No. 19 proceeding and imperatively and unavoidably requires the omission of a recommended report of the hearing examiner. * * * "

Plaintiff attempts to avoid this statutory provision authorizing the omission of the Hearing Examiner's Report by asserting that the 1968 decision of the

Commission was not a determination of an application for an initial license. The Court does not agree.

■ Plaintiff did not seek authority to originate shipments from points in Indiana within the Owensboro Commercial Zone in its original application in 1961. In proposing the amendment changing the point of origin to Owensboro, Kentucky, plaintiff sought to restrict the scope of its application and neither plaintiff nor the Hearing Examiner contemplated a broadening of the scope of the application. In its 1966 decision the Commission properly held that authority to originate shipments in Indiana was invalid for want of notice to competing carriers but afforded plaintiff the opportunity of applying for authority covering the invalid portion of its certificate. In its 1968 decision the Commission for the first time considered the question of whether the public convenience and necessity required a grant of authority to plaintiff to originate shipments from points in Indiana. The 1968 decision of the Commission considering the propriety of granting plaintiff authority to conduct operations under the invalid portion of its certificate, which had not been sought in plaintiff's original application, was a determination of an application for an initial license wherein pursuant to Section 8(a) of the Administrative Procedure Act the Commission properly omitted the recommended Report and Order of the Hearing Examiner.

■ The Commission did not abuse its discretion in omitting the Hearing Examiner's report and the plaintiff which declined to offer further evidence in support of its Sub 19 application has failed to establish that it was prejudiced by the omission.

Finally plaintiff contends that the Decision of the Commission in the Sub 112 proceeding, holding that plaintiff had failed to show that the public convenience and necessity required the pro-

posed operation, failed to include an adequate statement of findings and conclusions on all material issues and is not supported by substantial evidence.

In the Sub 112 proceeding, the decision of the Hearing Examiner denying plaintiff's application, was approved and adopted by the Commission. In his decision, the Hearing Examiner considering the same evidence that was before the Commission in the Sub 19 proceeding found in substance that plaintiff had failed to meet its burden of showing that the public convenience and necessity required plaintiff's proposed operation.

The Hearing Examiner found:

" * * * that a number of opposing motor carriers either individually or collectively, are ready and able and do satisfactorily perform the service here proposed to the extent for which any need has been expressed by those supporting the application. The record also indicates that the service available has not been shown to be wanting in any serious respect. In the absence of adequate proof of substantial shipper needs within the territory sought to be served and without some reasonable showing that existing carriers cannot or will not provide satisfactory transportation, the application should be denied. * * * "

■■ The requirement of Section 8 (b) of the Administrative Procedure Act, 5 U.S.C. § 557(c) for adequate findings and conclusions does not require the Commission to furnish an analysis of each item of evidence nor to disclose the mental processes through which the decision was reached. Caravelle Express, Inc. v. United States 287 F.Supp. 585, 588 (D.Neb.1968). The findings of the Commission are adequate when they contain sufficient particularity to inform the parties involved of the purport thereof and the reasons therefor and to enable the reviewing court to discern with confidence the agency's conclusions and their reasons so that the court can judge whether the agency acted within the scope of its statutory authority. Consolidated Freightways Corp. of Delaware v. United States, 289 F.Supp. 126, 132 (N.D.Cal.1968); Minneapolis & St. Louis R. Co. v. United States, 361 U.S. 173, 193, 80 S.Ct. 229, 4 L.Ed.2d 223 (1959).

■ In a case such as this where the ultimate finding is that the applicant has not met its burden, it need be supported only by sufficient basic findings of fact to warrant a reviewing court in concluding that the Commission was not without rational basis in finding that the applicant had not met its burden. New York Central R. Co. v. United States, 99 F.Supp. 394, 401 (D.Mass.1951) affirmed Interstate Commerce Commission v. New York Central R. Co., 342 U.S. 890, 72 S.Ct. 201, 96 L.Ed. 667 (1951); Chicago & Eastern Illinois R. Co. v. United States, 107 F.Supp. 118, 125 (S.D. Ind.1952).

■ Upon examination of the Hearing Examiner's Decision, which became the final decision of the Commission, the Court holds that the decision contains adequate findings on the basic issues, that is, whether the public convenience and necessity required plaintiff's proposed operation, the extent to which shipper needs required the proposed operation and the extent to which the intervening carriers could provide service meeting the needs of shippers. The decision provides an adequate basis upon which this Court can exercise its function of judicial review.

■ The scope of this Court's review is limited to a determination of whether the Commission's orders are within the scope of its authority and are based upon adequate findings which are supported by substantial evidence on the record as a whole. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). When there is a rational basis for the decision of the agency, the decision must be up-

held even though the court might reach a different result upon the same evidence. Rochester Telephone Corp. v. United States, 307 U.S. 125, 138–140, 59 S.Ct. 754, 83 L.Ed. 1147 (1939); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934); Cincinnati, New Orleans & Texas Pacific Ry. Co. v. United States, 229 F.Supp. 572, 574 (S.D.Ohio W.D.1964) vacated on other grounds, Arrow Transportation Co., v. Cincinnati, N. O. & T. P. Ry. Co., 379 U.S. 642, 85 S.Ct. 610, 13 L.Ed.2d 550 (1965).

The record before the Examiner shows that none of the shippers asserted that the service offered by the intervening competing carriers was unsatisfactory. Evidence was also presented before the Examiner showing that the transportation service of the competing carriers out of Florida was not fully utilized and that in some instances the competing carriers moved equipment out of Florida empty. Plaintiff presented evidence regarding its past operations over the proposed authority. While evidence of past operations under color of right is relevant, it is not controlling on the question of whether the public convenience and necessity requires the proposed operation. The weight to be given evidence of past operations is within the discretion of the Commission. Peerless Stages, Inc., 86 M.C.C. 109, 119, affirmed 371 U.S. 22, 83 S.Ct. 119, 9 L.Ed.2d 95 (1962).

Upon consideration of the entire record the Court determines that the Commission's conclusion that plaintiff had failed to establish that the public convenience and necessity required the proposed Sub 112 authority was a rational conclusion supported by substantial evidence.

Accordingly, the temporary restraining order heretofore entered hereby is vacated and plaintiff's requested relief hereby is denied. The orders of the Commission will remain unaltered.